M. VIERRA, Jr., *vs.* J. F. HACKFELD, Assignee in Bank-

ruptcy of M. Vierra.

WRIT OF ERROR.

HEARING, MARCH 7, 1892.    DECISION, APRIL 2, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.    McCULLY, J., ABSENT.

It is not error to omit, in a bill to set aside a voluntary conveyance on the
    ground that it was made by a person who is insolvent, with intent to
    defraud existing creditors, allegations that the grantee had knowl-
    edge of the fraud or the insolvency of the grantor. Nor is it error
    to omit to allege the want of a good consideration, where the bill dis-
    closes the actual consideration.

Only errors of law apparent on the record are reviewable on error.

OPINION OF THE COURT, BY JUDD, C.J.

A bill in equity to set aside an assignment of a lease was
heard and decided by Mr. Justice Dole on the 8th of October,
1891. The decree was filed on the 12th of October. No appeal
was taken therefrom. On the 10th of November the defendant
(plaintiff in error), M. Vierra, Jr., filed with the Clerk of the
Supreme Court his reasons for deeming himself aggrieved, as-
signing the causes of error in said decision. The steps required
by the statute were taken, and the writ of error issued by the
Clerk.

The assignments of error are as follows:

1. That the complaint herein does not justify the decree in
point of law, in that it does not allege any knowledge on the
part of said M. Vierra, Jr., of fraud or bankruptcy on the part
of assignor of said conveyance, or any knowledge of facts or cir-
cumstances from which the inference of fraud or bankruptcy
should be reasonably suspected by said M. Vierra, Jr.

2. That the proofs do not show that said M. Vierra, Jr., had any reasonable cause to suspect that his assignor in said conveyance was insolvent, or contemplating insolvency or bankruptcy, when the assignment took place.

3. That the said assignment was not a fraudulent conveyance under our bankrupt law, or under any law in operation in this Kingdom.

4. That the decision and findings of the Court were predicated, in part, upon evidence not legally admissible in the cause.

5. That the decision and findings of the Court on matters of fact were not justified by the evidence adduced. There is no evidence to support conclusions of fact in said decision and findings.

6. There is no allegation in the bill of complaint herein of the lack of a good and valid consideration for the assignment.

7. That upon the evidence the conclusion of law that the consideration for said assignment was not a "good" consideration is an error in law.

8. The decree is not supported in the prayer of the complainant, either as contained in the bill of complaint or at the bar of the Court.

To this J. F. Hackfeld, assignee, now defendant in error, demurred, as follows:

1. That assignments 1st, 6th and 8th are of points not taken before the Court below, and cannot now be set up.

2. That assignments 2d, 3d, 4th, 5th and 7th are upon questions of fact, and not reviewable upon proceedings in error.

### By the Court.

We do not find error here. The first, sixth and eighth assignments of error allege deficiencies in the bill of complaint. If they were real deficiencies they were grounds of demurrer to the bill. But we do not consider that, when a voluntary conveyance of property is attacked because made by a person who is insolvent and with intent to defraud his existing creditors, it is necessary to allege the grantee's knowledge of fraud or the

insolvency of the grantor.   Nor is it necessary to allege a want of a good consideration for the assignment where the actual consideration, the sum of one dollar, was, as in this bill, alleged. The only grantees who are protected by the 14th section of the bankruptcy law are *bona fide* purchasers for a good consideration, having no cause to believe the grantor to be insolvent or bankrupt, or in contemplation of insolvency or bankruptcy. The grantee in this case (plaintiff in error) is not in this class.

The remaining assignments of error, to wit, the second, third, fourth, fifth and sixth, are upon questions of fact.   These questions of admissibility of evidence, of competency or conclusiveness of evidence, are not findings of law apparent on the record, and are, therefore, not reviewable in error.   *Ahin vs. Widemann*, 7 Hawn., 334.

We held in *Peacock vs. Lovejoy*, 5 Hawn., 232, that "a writ of error brings up only errors of law which appear on the record sent up, and must be granted before execution is collected, while an appeal may consider errors of fact as well as of law. The writ gives time to discover errors of law which the hurry incident to an appeal may have caused to be overlooked.   The different remedies seem wise and consistent."

We therefore discharge the writ and affirm the decree made, with costs.

*Ashford & Ashford,* for plaintiff in error.

*F. M. Hatch,* for defendant in error.