HANG FOOK, Plaintiff in Error, *vs.* THE REPUBLIC OF HAWAII, Defendant in Error.

### WRIT OF ERROR.

HEARING, DECEMBER 17, 1894. DECISION, JANUARY 19, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, WHO SAT IN PLACE OF FREAR, J., ABSENT FROM ILLNESS.

In a charge of selling opium against two defendants, one receiving the money and the other delivering the opium, they having a full knowledge and understanding of what each was doing, the sale was complete ; as they both " took part " they were both guilty.

Where several join in an offense they may be jointly or severally indicted.

The fact that several are indicted jointly renders the indictment none the less an indictment against each of them individually.

The Court will not reverse a verdict on error where the record shows that it was based on the credibility of witnesses or the weight of evidence.

### OPINION OF THE COURT, BY BICKERTON, J.

The plaintiff in error, Hang Fook, and one Ah Kau, were charged jointly and convicted in the District Court of Honolulu, on a charge of selling and furnishing opium contrary to law ; an appeal was taken to the Circuit Court of the First Circuit, and the case tried at the August Term of said Circuit

Court with a jury on the same charge as that made in the District Court, the verdict being a unanimous one of guilty. A motion for a new trial was made by Hang Fook, which was denied, and exceptions were taken to the denial of said motion, which exceptions were heard by this Court and overruled, and the matter is now here on a writ of error, allowed by this Court and addressed to the clerk of said Circuit Court.

The assignments of error are—

"1st. That the record shows that the petitioner and said Ah Kau were jointly charged with and convicted of selling opium contrary to law, whereas the plaintiff in error claims that there is in law no such joint offense."

"2d. That the record shows that the petitioner and Ah Kau were jointly charged with and convicted of selling opium contrary to law, whereas the plaintiff in error claims that the evidence in the case as shown by the record fails to show that any such joint offense was committed."

As to the first error assigned, the counsel for Hang Fook in his brief says—"The first error assigned is upon examination of the cases not especially relied upon." We are of the opinion that it cannot be relied upon. The rule is that where several may join in the commission of the offense they are properly united in the same indictment.

*Com. vs. Tower, et al.*, 8 Met. 527.

Our statute also provides that "all who take part in the commission of any offense * * * shall be deemed principals therein."

Penal Code, Ch. 5, Sec. 1.

In selling or dealing in opium there is nothing to prevent several persons taking part in the sale, thereby taking part in the commission of an offense. This might be illustrated in many ways.

As to the second error assigned. It appears from the evidence that one Chun Choy (an informer) visited the house of Hang Fook and Ah Kau on two occasions within one hour on the night of July 12th, 1894; the first time he purchased 50 cents worth of opium from Hang Fook, who delivered it

to him.   The money was put in the tray, Ah Kau was laying on the floor, but had previously opened the door for Chun Choy.   The second time he went, the same man Ah Kau opened the door, there were three or four men in the room,—he asked Ah Kau where Hang Fook was, he answered that he was in the back room and asked what Chun Choy wanted; he told Ah Kau he wanted to buy more opium and gave him 50 cents.   Ah Kau then told Hang Fook to give him the opium, which he did.   Hang Fook heard what was said, for he was only a short distance off, from the description given—only a very few feet.   Hang Fook told Ah Kau to take the money and then delivered the opium himself.   The money that was paid was marked and afterwards came from the possession of Ah Kau.   The evidence of Ah Mon corroborates the testimony of Chun Choy as to the second sale, he having gone with Chun Choy on that occasion and remained on the veranda but saw and heard all that took place.   The evidence of Ah Kau is clear and positive as to the fact that Chun Choy was there that night and bought opium from Hang Fook, but Ah Kau denies that he had anything to do with the sale, but admits that Hang Fook told him to take care of the money for him.   In our opinion the evidence clearly shows that the two men (defendants) acted in concert and with a full knowledge and understanding of what each was doing.   In a charge of selling opium against two defendants we hold that if one received the money and the other delivered the opium for which the money was paid, with a full knowledge and understanding of what each was doing, the sale was complete, and as they both " took part " they were both guilty.   " If several be engaged in the commission of the same offense they may be joined in the same indictment, or may be separately indicted."   1 Archibald (Waterman) p. 315 and cases there cited.

It is contended by the prosecution that it is immaterial whether the sale was made jointly or by Hang Fook alone, as it is well settled that in an indictment against two or

more the charge is several as well as joint, and cites a number of cases in support.

These cases support this contention. In a very recent case from Rhode Island decided December, 1892, it was held that "where several join in the commission of an offense they may be indicted either jointly or severally, but the fact that they are jointly indicted renders the indictment none the less an indictment against each of them individually." See *State vs. O'Brien, et al.,* 25 At. Rep., p. 910.

We are of the opinion that the evidence in the case as shown by the record, not only shows a sale by Hang Fook alone but also a joint sale by Hang Fook and Ah Kau, on the date charged.

———

Sec. 5 of the Act "to define Writs of Error," laws of 1892, p. 272, reads : "There shall be no reversal on error of any finding depending on the credibility of witnesses or the weight of evidence." The verdict of the jury in the case at bar could only have been based "on the credibility of the witnesses or the weight of evidence." These are matters for exception ; but there might be a case where there was no evidence to support the verdict, and then a writ of error might be the proper method of procedure ; but, in the case at bar, there is considerable evidence on which the jury could find the verdict they did.

The writ is denied.

*A. S. Hartwell* and *C. W. Ashford,* for plaintiff in error.

*Deputy Attorney-General, A. G. M. Robertson,* for defendant in error.