*J. A. Magoon*, for plaintiff.

*W. R. Castle*, for defendants.

---

P. M. PAHUKULA, Plaintiff in Error, *vs.* JOHN MAGUIRE,
Defendant in Error.

WRIT OF ERROR.

HEARING, DECEMBER 21, 1894.    DECISION, FEBRUARY 18, 1895,

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, WHO
SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

The fact that costs are not deposited by plaintiff at the time the suit is
filed does not constitute an error.

There can be no reversal on error of any finding depending on the cred-
ibility of witnesses or weight of evidence.

The cases of *Hang Fook vs. Republic of Hawaii*, 9 Haw. 593, and *Vierra
vs. Huckfeld*, 8 Haw. 438, affirmed.

An assignment of error, general in its nature and indefinite, is not a proper assignment of error and is not considered by the Court.

OPINION OF THE COURT, BY BICKERTON, J.

This was an action for trespass and came on for hearing at the October term, 1893, of the Third Circuit Court, holden at Kohala, Hawaii. The jury returned a verdict for the defendant in error, with $20 damages, to which said verdict exceptions were taken and notice was given of a motion for a new trial, which said motion was never presented. On December 30th, 1893, the court taxed and allowed the bill of costs of the defendant in error, the presiding judge endorsing on the same "No brief having been filed by defendant's attorney, as promised, I proceed to tax plaintiff's costs as per bill sworn to by plaintiff John Maguire. The amount allowed is $63.50 as per the bill.

"S. L. AUSTIN, Circuit Judge, Third Circuit.
"December 30th, 1893."

The matter is now here on a writ of error, allowed by this Court and addressed to the clerk of said Circuit Court.

The assignments of error are :

"1st. That said suit was filed without any deposit having been made with the clerk of said Third Circuit, or elsewhere or otherwise, on that behalf; and the same had not been deposited at the date of the entry of said cause for trial, at the said October, 1893, term: nor had the same been paid up to the time of the said trial on, to wit, the 6th day of October, 1893.

"2d. That the verdict of the jury at said trial was contrary to law and to the evidence adduced at the said trial.

"3d. That the trial judge erred in his order of said 30th of December, 1893, in taxing certain costs against your petitioner, the defendant therein, contrary to the Hawaiian laws, and to the decisions of the court."

"4th. And other errors of law, as appear by the record in the said cause."

As to the first assignment, we are of the opinion that this does not constitute an error; this is a matter for the clerk to see to; it is often the case that attorneys have a running costs account with the clerk; the clerk issues the process and makes himself responsible for the costs, it being presumed that he has it in hand. A motion could be made at any time that the costs be deposited; before trial, we hold that the fact that the costs had not been deposited is not fatal to the case.

As to the second assignment, we have examined the evidence in the case and the charge of the court, which is as follows : "Gentlemen of the jury. This is a case in which the plaintiff claims $500 damages from the defendant for trespass by building a stone wall on the land of Ohiki in the possession of plaintiff.

".Defendant disputes the possession of the land and claims the possession himself.

"If you find that John Maguire had the possession of the land when the alleged trespass occurred, then you will proceed to find whether the defendant committed the trespass as charged. And if you find there was a trespass, you will proceed to assess the amount of the damages not to exceed the amount sued for, $500.

"If you find that the possession of the land at the time defendant built the stone wall, was in the defendant, then your verdict will be for defendant."

This left the question of possession entirely to the jury. They were to find that fact from the evidence. We find that there is evidence upon which the jury could find the verdict they did.

In the case of *Hang Fook vs. The Republic of Hawaii*, decided by this Court on the 19th of January, 1895, we cited Section 5 of the Act " to define writs of error," Law of 1892, p. 272, which reads : " There shall be no reversal on error of any finding depending on the credibility of witnesses or the weight of evidence." In the case at bar, as in that case, the verdict of the jury could only have been based on " the

credibility of the witnesses or the weight of evidence." See also *Vierra vs. Hackfeld*, 8 Haw., 438.

As to the third assignment, we are unable to find that the Judge erred in taxing and allowing the defendant in error's bill of costs; it is plain from the Judge's endorsement, that the other party had an opportunity to contest this bill, but failed to do so. The verdict was on October 5th, and the Court waited until December 30th before taking action on this matter of costs; there is certainly no error here.

As to the fourth assignment; being general in its nature and indefinite, it is not a proper assignment of error, and does not require the consideration of the Court.

. The writ is denied.    The plaintiff in error to pay costs.

*V. V. Ashford*, for plaintiff in error.

*W. R. Castle*, for defendant in error.