## KEONAONA KALEIHEANA, SAM KEAHIPAKA KALEIHEANA, PAINA MANASSE AND MAUNA KALEIHEANA *v.* JOHN KEAHIPAKA AND KAAEMOKU KAKULU.

### No. 895.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED FEBRUARY 14, 1916.                    DECIDED MARCH 1, 1916.

ROBERTSON, C. J., WATSON, J., AND CIRCUIT JUDGE WHITNEY
IN PLACE OF QUARLES, J., DISQUALIFIED.

DEEDS—*conveyance of land under lease—severance of rent from reversion.*

    A deed conveying land, which is under lease, to certain grantees but containing a clause providing that the rents shall go to the children of the grantor, held not to create a trust, but a conveyance of the fee to the grantees and a grant of the rents accruing under the lease to the grantor's children. A corresponding construction placed upon another deed executed at the same time conveying other land under lease to the same grantees for life, remainder to their children and the children of the grantor, and providing for the division of the revenues between the life tenants and the grantor's children.

OPINION OF THE COURT BY ROBERTSON, C.J.

In this case the respondents seek to have reviewed a decree of a circuit judge, sitting in equity, in a suit for an accounting whereby the sum of $1061.48 was found to be due to the complainants and ordered paid to them by the respondents. The matter had been referred to a master before whom a hearing was had, and upon his report, the respondents' objections thereto having been overruled, the decree was entered as stated.

It was shown that on the 30th day of July, 1891, one

Kepane, who was the mother of the complainants, and the aunt of the respondents, executed two deeds of gift. They were written in the Hawaiian language and inartistically drawn. By one of them she conveyed to Laumania, Kaaemoku and John Keahipaka and "their heirs, assigns, executors, administrators and representatives forever," her one-fourth undivided interest in a parcel of land situate at Kawaihapai, Oahu, described in Royal Patent No. 343. The deed contained a clause reading, "O na loaa hoolimalima nae o kahi e hooliloia nei e lilo no ia i ka'u mau keiki ponoi." The translation in the record makes the clause read "The rental or revenues received from said premises are to be paid over to my children," but it would more accurately be rendered "The rents however of the land now conveyed shall go to my own children." By the other deed the grantor conveyed two pieces of land at Paalaa, Oahu; being apanas 1 and 3 of Royal Patent No. 1491, to Laumania, Kaaemoku and John Keahipaka "during their natural life, and in case of their death, said premises shall descend to my children, to wit, Keonaona, Keahipaka, Keahilele, Paina and Mauna, and to the children of Laumania, Kaaemoku and John Keahipaka, and to their heirs, assigns, executors, administrators and representatives forever." This deed also provided that "the revenues derived from said premises are to be equally divided among Laumania, Kaaemoku and John Keahipaka and my children whose names are above mentioned." Keahilele, the brother of the complainants, and Laumania, the sister of the respondents, have since died.

The complainants contend that the deeds in question constituted the respondents trustees for the complainants with reference to the revenues derived from the lands, and that they were properly held jointly liable for the amount which it is contended the evidence showed the complainants to be entitled to, but which had been received and

retained by the respondents. No further question has been raised as to the proper construction of the deeds. The respondents deny that a trust was created. They contend that the complainants' right to the rents was a legal right, though they seem to concede that if they had collected and retained more than their just shares they would have to account severally in this proceeding for the excess, their defense being that they had fully accounted to and with the complainants for all rents due them. The testimony was contradictory, and, on this writ of error, we must regard questions of fact as having been settled by the decree. R. L. 1915, Sec. 2523. The respondents contend that, in any event, their liability would not be joint, but several only for such sums as may have been unjustly retained by them respectively.

The intention of the grantor was not clearly expressed. The clauses referring to the rents or revenues were not worded precisely the same, though we think they were intended to have the same effect. No duties were imposed on the grantees with reference to the lands under either deed. The grantees were not required to make or renew leases, nor to collect and account for any rentals. We hold that no trust was created in favor of the grantor's children. The evidence showed that at the time the deeds were executed the lands—or portions of them—were under lease to other parties, and we think the language used in the deeds could have no other effect than to sever the rentals which were to accrue under those leases from the fee, granting them, under the one deed, to the grantor's children, and, under the other, to the grantor's children and the three life tenants. "The lessor may assign the rent independently of the reversion, and the assignee may recover rents to accrue in his own name." 18 A. & E. Enc. Law (2d ed.) 286. "Although the general rule is that the rent is incident to the reversion and passes with it, yet the

lessor may sever the rent from the reversion by expressly reserving it, or he may grant the rent alone, in which case a subsequent grant of the reversion does not pass the rent." 24 Cyc. 1175. See *Silveira* v. *Ahlo,* 16 Haw. 702.

The evidence tended to show that the rents of the Kawaihapai land were collected by the respondent Kakulu, while those of the Paalaa land, in so far as they were not received by Kepane herself while she lived, or paid directly to the complainants, were collected by the respondent Keahipaka. Under these circumstances there could be no joint liability. The decree was erroneous, also, in holding the respondents liable. to account for rents which accrued under new leases made after those existing at the time of the execution of the deeds had expired or had been terminated. Again, the master seems to have charged the respondents with one-half of the rental of the Kawaihapai land, which was owned in common, whereas the deed of Kepane purported to grant only an undivided quarter thereof. Other points have suggested themselves but as they were not presented by counsel we shall not discuss them.

On behalf of the complainants it is contended that the respondents, at the hearing, admitted their liability to account in accordance with the theory of the complainants. Whether the admission went as far as contended we need not say. The matter of the construction and legal effect of the deeds in question is for the court to determine.

The decree of the circuit judge is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*J. T. DeBolt* for plaintiffs in error.

*Lorrin Andrews* for defendants in error.