## JOHN KAHAKA KAHEPU *v.* CHARLES E. KING.

## No. 1168.

### ERROR TO CIRCUIT JUDGE FOURTH CIRCUIT.
### HON. C. K. QUINN, JUDGE.

ARGUED JULY 20, 1920.                    DECIDED JULY 22, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*assignment of errors—sufficiency.*

An assignment of error general in its nature and indefinite is not sufficient and will not be considered.

### OPINION OF THE COURT BY KEMP, J.

This is a writ of error sued out by the plaintiff to review a decree entered in the above entitled cause, the assignments of error, omitting the unnecessary verbiage, being as follows: "(1) That the master of accounts committed prejudicial error to the plaintiff herein named in the computation and summary of accounts existing between the said plaintiff; (2) that said master aforesaid erred in his findings as such master of accounts recommending that plaintiff pay over unto said defendant the sum of $3042.68, said master's findings and recommendations * * * being adverse to the testimony and evidence adduced at the hearing before said master; (3) that in awarding said sum of $3042.68 * * * the said master committed error in that he did omit very important findings and recommendations, to wit, concerning the mortgages now and at that time appearing in record as being uncanceled and filed at the hearing had before said master between the plaintiff herein and the said defendant, all of which was and is grievous and prejudicial errors against the said plaintiff; (4) that said circuit court of the fourth

judicial circuit erred in its findings by its decision, the find-
ings set forth in said decision being contrary to the evi-
dence thereto adduced or predicated; (5) that the decree
sought to be set aside and reversed does not comply with
the prayer of the relief prayed for by plaintiff or the de-
fendant herein named and is therefore erroneous and con-
trary to the evidence adduced in said cause."

It is well settled by the decisions of this court that an
assignment of error general in its nature and indefinite is
not sufficient and will not be considered. *Pahukula* v.
*Maguire,* 9 Haw. 630.

We are of the opinion that none of the assignments of
error except the fifth is sufficiently definite to enable us
to consider it.    The fifth assignment of error raises the
single question of whether or not the decree was author-
ized by the prayer of the plaintiff or defendant.    After the
filing of plaintiff's bill, which was a bill for an accounting
in which the plaintiff prayed "that pending a hearing had
herein an account may be taken of all sums of money
received by or come to the hands of the said defendant as
such agent of the plaintiff," the defendant filed his answer
and cross-bill in which he also prayed "that the court order
a full and complete accounting between plaintiff, the re-
spondent and the Hilo Building and Loan Association,
Limited; that the plaintiff may be ordered to pay to the
respondent and the Hilo Building and Loan Association,
Limited, the amounts of money which shall be found to be
due and owing from the plaintiff to the respondent and
the Hilo Building and Loan Association, Limited."    The
court thereupon appointed a master at the request of both
parties "for the purpose of hearing the above entitled cause
and submitting his findings to this court."    After a lengthy
hearing in which all of the business transactions between
the plaintiff and defendant were fully inquired into the
master stated an account between them showing that the

plaintiff is indebted to the defendant in the sum of $3042.32 and recommended among other things that a decree be entered allowing this amount, being the balance after disallowing many items claimed by the defendant to be owing to him from plaintiff. No account was stated between the plaintiff and the Hilo Building and Loan Association, Limited, and no decree entered requiring the plaintiff to account to said association.

Under this state of facts we are unable to sustain the contention of the plaintiff in error that the decree is not supported by the prayer for relief.

The decree is affirmed.

*J. S. Ferry* for plaintiff in error.

*W. H. Beers* and *N. W. Aluli* filed a brief for defendant in error.