CHARLES E. GROSJEAN, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF C. E. GROSJEAN RICE MILLING COMPANY, *v.* KINKO HIYAMA AND K. HAMAISHI, COPARTNERS IN BUSINESS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF HIYAMA SHOTEN.

No. 1555.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED FEBRUARY 9, 1925.                    DECIDED FEBRUARY 24, 1925.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE IN PLACE OF PETERS, C. J., DISQUALIFIED.

CONTRACTS—*renewal of offer—acceptance.*
> The renewal of an offer after it has been once rejected by the offeree leaves it open to the offeree to accept it; and after the renewed offer is duly accepted by the offeree it cannot be withdrawn or cancelled by the party making the offer.

SAME—*contract of sale of goods—measure of damages—interest.*
> Upon breach by the purchaser of a contract for the sale and purchase of rice the seller is entitled to recover of the defendant not only the difference between the contract price and the amount realized from a re-sale of the rice but also interest from the date of the re-sale.

APPEAL AND ERROR—*decisions reviewable—findings of fact.*
> Upon a writ of error this court cannot weigh evidence or pass upon the credibility of the witnesses or disturb any finding of fact made by the trial judge upon conflicting evidence.

OPINION OF THE COURT BY PERRY, J.

On August 3, 1920, the defendants, co-partners doing business in Honolulu under the firm name of Hiyama Shoten, sent an order to M. S. Cowen & Company, the brokers and agents of the plaintiff in San Francisco,

California, for 2500 bags of "fancy clean uncoated Calif. Japan seed rice," at a price stated, accompanied by the following specifications: "Rice must equal to or better than samples sent in sealed envelope. Must not contain grass seeds burned, yellow or stones. This shipment must arrived in Honolulu within November, 1920. Otherwise will not accept." Plaintiff's reply, purporting to be an acceptance, contained the additional term that "San Francisco Chamber of Commerce certificate final as to weight, grade, quality and condition at time of shipment." By letter of September 14, 1920, addressed to Cowen & Company, the defendants said:

"If you are unable to fulfill exactly our order and agreement as given to your representatives we will decisively refuse to accept it. We would kindly ask that you look up our order which your representatives sent you when we placed the order; and if you may be able to carry out this order please advise us. But we will not sign any contract and accept the rice if you are unable to execute our order and instructions."

"Hoping that this will explain our trouble and hope hear from you by return mail," (signed by the parties).

From September 27 to October 19, 1920, one O'Connor, an agent of the plaintiff, had several conferences in Honolulu with J. Arai, manager of the defendant firm, and with W. W. Thayer, attorney for the defendants. The purpose of O'Connor's visit to Honolulu and of his conferences was to endeavor to persuade the defendants to enter into a contract for the sale and purchase of the rice with the additional condition, which had been suggested by the plaintiff, that the San Francisco chamber of commerce should be the final judge of the weight, grade, quality and condition of the rice at the time of its shipment. Arai and Thayer consistently refused to enter into any contract with this new term included. The evidence of Arai and Thayer is, in effect, that at these interviews the defend-

ants declined to purchase the rice on any terms whatever. On the other hand, the testimony of O'Connor and of one King who testified that he attended one or more of the conferences was to the effect that at every interview with Arai the latter said that, if the plaintiff would send the rice in strict accordance with the specifications named in the defendants' original offer, the defendants would accept the rice and that in the interviews with Thayer the latter, while declining to enter into the contract as modified, did not at any time say that the defendants would not take the rice under any circumstances. Upon this, the sole disputed issue of fact (the evidence was undisputed as to all of the other facts in the case), the trial judge, sitting without a jury, found, in favor of the plaintiff, that at these interviews, extending from September 27 to October 19, the defendants repeatedly stated to O'Connor, the plaintiff's agent, that they would accept the rice if it was forwarded by the plaintiff in strict accordance with the requirements of their original offer of August 3, 1920. By wire and by letter O'Connor informed the plaintiff of the substance of what was said and done at these interviews. The plaintiff thereupon, on October 29, 1920, wrote to the defendants as follows:

"Referring, now, to your order of August 3rd, 1920, signed by your Mr. Hamaishi, for 2500 bags of fancy uncoated clean California Japan seed rice * * * we beg to advise you that we have submitted this order to our attorney who advises us that the same taken in connection with contract of M. S. Cowen & Co. of this city, * * * necessarily makes this contract binding on us and in the same way a binding contract on you.

"We, therefore, beg to say that we will make shipment during the month of November * * * and we shall insist upon your acceptance and paying for this rice in accordance with the terms of your order."

The defendants received this letter on November 6,

1920, and on the same day wrote to the plaintiff as follows:

"On September 14th, 1920, we wrote to M. S. Cowen & Company, San Francisco, Calif., who we understand are your San Francisco brokers, stating that we were unable to agree to the terms of the contract offered to us to be signed, such contract, we understand, referring to the proposed contract with you, and we stated that we could not accept the contract in its form and refused to enter into the same. * * * Under the circumstances, therefore, we beg to notify you that if you choose to ship rice to our account as you say you intend to do in your letter it will be at your own risk, as we shall absolutely refuse to accept the same."

This reply reached the plaintiff on November 17, 1920. On November 15, 1920, the 2500 bags of rice were delivered by the plaintiff to the Matson Navigation Company for transportation to Honolulu and it was loaded on that company's steamship "Maui" which sailed from San Francisco on November 17 and arrived in Honolulu on November 23, 1920. The defendants refused to accept the rice and to pay for it. Thereupon, by order of the plaintiff, the rice was sold in Honolulu, the net realizations from the sale, after deducting freight, commissions and other charges, being $12,271.09. The present action is for the difference between the amount realized at this sale and the amount of the agreed purchase price. Judgment in the court below was for the plaintiff for substantially the amount of the claim together with interest at seven per cent. per annum from December 15, 1920, the date of the sale in Honolulu.

The plaintiff's reply to the defendants' original offer was not an acceptance of that offer since it contained an additional term. The defendants, however, by their letter of September 14 in effect renewed the original offer. Whether the offer as renewed by the letter of September

14, 1920, was accepted by the plaintiff within a reasonable time or within the terms, if any, relating to time contained in that letter need not be determined because there was ample evidence to support the finding of the trial judge that the defendants' offer of August 3, 1920, was repeatedly renewed by the defendants at the various interviews with O'Connor, the agent of the plaintiff, extending from September 27 to October 19, 1920. There was also direct evidence tending to support the view that in the conferences with O'Connor the original offer was not renewed or repeated; but this court is not at liberty to weigh the evidence or to pass upon the credibility of the witnesses who testified. Under our statute relating to writs of error (L. 1919, Act 44) and under the repeated decisions of this court there can be no reversal upon a writ of error of "any finding depending on the credibility of witnesses or the weight of evidence." It is impossible for this court to hold as a matter of law that in accepting the original offer, thus repeated and renewed, by its letter of October 29, 1920, and by its shipment of the rice on November 15, 1920, the plaintiff delayed his answer unreasonably and did not accept within a reasonable time. The minds of the parties having met prior thereto as to the terms of the transaction, it was not competent for the defendants on November 6, 1920, to rescind their offer.

By the terms of the contract it was incumbent upon the plaintiff to cause the rice to "arrive in Honolulu within November, 1920." Upon the refusal of the defendants to accept the rice and to pay therefor the plaintiff, according to the undisputed evidence, did all that could be done to lessen the damage by causing the rice to be promptly sold. He was entitled to receive from the defendants the difference between the amount of the realizations from the sale and the contract price. He was entitled also to interest from the date of the sale by way of damages

for the withholding of payment by the defendants. By reason of the delay in payment, the plaintiff has lost interest on that amount of uninvested money and the defendants have benefited by the investment of the same amount.

The contention of the defendants that the true measure of damages is the difference between the contract price and the market price in San Francisco on the date of the shipment of the rice is not sustainable in law. The contract did provide that the shipment was to be "FOB S. S. Dock San Francisco, Calif.," but it also required the forwarding of the rice to Honolulu so as to arrive here in November, 1920. Having complied with these stipulations, the plaintiff could not properly be expected, after breach by the defendants, to return the rice to San Francisco and to sell it there, incurring in this procedure not only added expense but additional risks of deterioration. Another point urged by the defendants is that the demurrer to the plaintiff's second amended declaration should have been sustained on the ground, among others, that the declaration was vague, indefinite, uncertain and inconsistent within itself. While the original offer of August 3, 1920, a copy of which was attached to the declaration and made a part thereof, was addressed to M. S. Cowen & Company, it was sufficiently alleged in the declaration that M. S. Cowen & Company were the agents of the plaintiff and that the plaintiff accepted the offer. It cannot be doubted that as a general rule a principal although undisclosed may have the benefit of an offer received by his agent and may accept the same and hold the other contracting party to the contract. 1 A. & E. Ency. L. 1168; 31 Cyc. 1598, 1599. The other arguments advanced by the defendants have been considered and are found to be without merit.

The judgment appealed from is affirmed.

*W. C. Tsukiyama* (*Huber & Kemp* with him on the briefs) for plaintiffs in error.

*A. E. Steadman* (*Frear, Prosser, Anderson & Marx* with him on the brief) for defendant in error.