PRINCESS THERESA OWANA KAOHELELANI, FORMERLY KNOWN AS THERESA WILCOX BELLIVEAU KELLY, v. BISHOP TRUST COMPANY, LIMITED.

No. 1904.

ARGUED MARCH 3, 1930.          DECIDED APRIL 19, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

358

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon writ of error issued upon application of the complainant whose bill, after hearing, was dismissed by decree of the circuit judge. The latter's decision succinctly sets forth the facts and is as follows: "This is a bill in equity instituted by petitioner January 25, 1928, against respondent Bishop Trust Company, Limited, to set aside a deed to certain parcel of land in Manoa valley. The bill alleges that petitioner was the owner of a certain parcel of land in Manoa valley, more particularly described in land court application No. 512 and that on or about March 29, 1924, there was pending a certain bill in equity instituted by this petitioner against one C. Bolte in the circuit court of the first judicial circuit which was also a bill to set aside a deed. The bill in the instant case further alleges that on or about March 29, 1924, respondent, Bishop Trust Company, Limited, acting through one Campbell Crozier, fraudulently misrepresented to peti-

tioner that she had lost her bill in equity No. 2091, and that petitioner did in fact believe that she had lost the equity suit above referred to, and under such belief petitioner did execute and deliver to respondent a deed of all of her right, title and interest in and to the land described in land court application No. 512. The bill further alleges that on the same day petitioner signed a document which purports to be a receipt for the sum of one thousand dollars ($1,000.00) but which in fact turned out to be a release and assignment to respondent of all petitioner's right, title and interest in the land described in land court application No. 512 and also a release of all claims against the estate and/or the heirs of C. Bolte. It is further alleged that the land conveyed by petitioner to respondent was worth more than $25,000. The petitioner tenders in court the $1,000.00 and prays that the deed be cancelled and set aside. The answer of respondent, Bishop Trust Company, denies the allegations that the petitioner was the owner of the land described in land court application No. 512, but alleges that prior to March 29, 1924, petitioner claimed to own an interest in said land. The answer of respondent further denies the allegation of petitioner to the effect that the conveyance of March 29, 1924, was obtained through fraud or misrepresentation of Mr. Crozier or any officer and/or agent of respondent. The only evidence offered by petitioner to substantiate her claim to the effect that the deeds of March 29, 1924 (petitioner's exhibits A and B) were obtained by fraud was the testimony of petitioner herself who states that Mr. Campbell Crozier told her that she had lost her equity suit No. 2091 and laboring under such misapprehension she executed a deed to the respondent covering the land in controversy. This testimony is flatly contradicted by Mr. Campbell Crozier, a credible witness, and his testimony is further corroborated by the fact that petitioner did sign a receipt for

360

the sum of $1,000.00 on March 29, 1924, in full settlement of her claim to the lands in controversy. The court finds as a fact that petitioner executed the deeds (petitioner's exhibits A and B) with full knowledge of her rights in the matter and that petitioner was able to read the documents in question as appeared by her reading of the same on the witness stand. The court feels that the petitioner has not sustained her allegations of fraud in this case and therefore finds as a fact that no misrepresentation or fraud was made by Mr. Campbell Crozier, an officer of the respondent, and that the deeds (petitioner's exhibits A and B) were not obtained by fraud by her, but were in fact a compromise of a disputed claim. Respondent's exhibit 3, the record of the application No. 512 in the land court, further shows that this petitioner filed a withdrawal of her claim in the land court, and that a decision in the land court proceedings was rendered and that a decree registering the title to the land in controversy here was entered in land court application No. 512 in favor of the applicants. The court further feels in this case that the allegations of fraud although not substantiated by the preponderance of the evidence are nevertheless insufficient to warrant any relief, if they in fact had been substantiated by the preponderance of the evidence. The court further points out that in this case answer under oath was not waived and that the point in issue, to-wit, the fraud in obtaining the deeds (petitioner's exhibits A and B) which was denied by respondent under oath, has not been established by petitioner by the testimony of more than one witness or by the testimony of one witness together with corroborating circumstances. The court therefore feels that under the rule which obtains in equity the petitioner has failed to establish her case. In view of the fact that the court finds that the deed which is here sought to be cancelled and set aside was not obtained by fraud but in fact was the compromise

and settlement of a disputed claim, the evidence of the value of the land in question becomes immaterial. The bill is therefore dismissed and costs taxed against the petitioner." A decree was thereafter entered in conformity with the foregoing decision.

Accompanying the application for the writ was an assignment of errors setting forth nine grounds upon which reversal is asked.

Assignment one alleges that "the court erred in refusing to grant the complainant appropriate equitable relief by dismissing the bill, solely upon the finding of fact that there was no misrepresentation upon the part of respondent, and overlooking the facts and circumstances disclosed by the evidence adduced, clearly showing that respondent had obtained from complainant the two documents (complainant's exhibits 'A' and 'B') by fraud and unfair advantage." This assignment fails to set forth what facts and circumstances showing fraud and unfair advantage on the part of respondent the court overlooked in reaching the conclusion above set forth and attempts to place upon this court the burden of searching the transcript for evidence of such facts and circumstances and of finding that they were overlooked by the trial court. For that reason, following the principle repeatedly announced by this court, assignment one will not be considered. See *Zen* v. *Koon Chan,* 27 Haw. 369, and earlier cases cited on pages 372, 373, 374, and *Venhuizen* v. *Haiku Fruit & Packing Co.,* 29 Haw. 734, 748.

There is no assignment number two.

Assignment three is as follows: "The court erred in holding and deciding that the allegations of fraud were not substantiated by the preponderance of the evidence, and that the charges of fraud made by complainant against respondent were not substantiated by the testimony of one witness together with corroborating circumstances." Com-

plainant's counsel in his opening brief begins his argument with the statement that "in equity cases on appeal the supreme court has the right and duty to weigh the evidence and to make its own findings of facts," and upon oral argument admitted that he had not taken into account the distinction between appeals and writs of error in this respect. Section 2524, R. L. 1925, referring to writs of error, provides in part that "there shall be no reversal * * * for any finding depending on the credibility of witnesses or the weight of evidence." See also *Kaleiheana* v. *Keahipaka,* 23 Haw. 169, 171; *Akatsuka* v. *McKay,* 24 Haw. 600, 604; *In re Title of Kioloku,* 25 Haw. 357, 364, affirmed 272 Fed. 856; *Houghtailing* v. *De La Nux,* 25 Haw. 438, 442, affirmed 269 Fed. 751; *Vierra* v. *Hackfeld,* 8 Haw. 436; *Hang Fook* v. *Republic,* 9 Haw. 593; *Pahu-kula* v. *Maguire,* 9 Haw. 630; *Santos* v. *Santos,* 26 Haw. 124; *Territory* v. *Gay,* 26 Haw. 382; *Hewahewa* v. *Lalakea,* 27 Haw. 544; *Grosjean* v. *Hiyama,* 28 Haw. 211.

Under the foregoing provision and in conformity with its adaptation in the above cited cases assignment three cannot be considered.

Assignment four is as follows: "The court erred in not granting appropriate equitable relief to complainant inasmuch as the undisputed evidence adduced at the trial of said cause was sufficient in law to constitute fraud, both actual and constructive, committed by respondent." No undisputed evidence sufficient in law to show fraud, either actual or constructive, on the part of the respondent has been pointed out to us and assignment four, for the reason set forth in our consideration of assignment one, specifies no error upon which a reversal can be predicated.

Assignments five, six, seven and nine may be considered together. They are as follows:

"V. The court erred in holding that the deed which was sought to be cancelled and set aside was not obtained

by fraud but in fact was the compromise and settlement of a disputed claim.

"VI. The court erred in holding to the effect that in determining the question of fraud, evidence of the value of the land in question was immaterial.

"VII. The court erred in not having ordered the cancellation of either the deed of release, (complainant's exhibits 'A' and 'B') or both, executed on March 29, 1924, by the said complainant, upon the ground of the inadequacy of the consideration and/or upon the ground of fraud."

"IX. The court erred in refusing appropriate equitable relief to complainant by dismissing the bill when the evidence shows that said respondent was acting in a fiduciary capacity toward complainant in respect of the rights and property involved in said suit and held in trust for said complainant, in which said fiduciary capacity, the dealings of said respondent with said complainant as shown by the evidence were wrongful and constituted breach of trust."

The evidence as to fraud and misrepresentation was conflicting. That of the respondent, set forth in effect in the above quoted decision of the trial judge, was amply sufficient to sustain the latter's finding that the execution by the complainant of the instruments referred to as complainant's exhibits "A" and "B," was not obtained by fraud or misrepresentation, and therefore under the rule hereinabove repeated such finding will not be disturbed.

The judge's finding that the transactions between complainant and respondent referred to in his decision were in settlement of a disputed claim is also amply supported by the evidence. The claim and the dispute with reference to it are set forth in exhibit "C" which is the record in equity case No. 2091, begun in the circuit court under date of March 31, 1917, and still pending therein.

It is a suit to set aside eight deeds, including among others deeds to the Manoa valley lands hereinabove referred to, and is entitled "Theresa Wilcox Belliveau, complainant, vs. Cristel Bolte and William Wolters, respondents." Demurrer to the bill was filed by William Wolters on the grounds (1) that said bill did not state facts sufficient to constitute a cause of action against said respondent Wolters, and (2) that said last named respondent was improperly joined as party defendant in said cause. Said demurrer was sustained upon both grounds and the bill was dismissed as against the demurring respondent. Briefly, and in effect, the bill alleged, among other things, that prior to the 1st day of May, 1912, the respondent, Cristel Bolte, represented to the complainant that as she was engaged in the real estate business and, in order to sell real estate as a married woman, would have to obtain the signature of her husband, and as her said husband had at times refused and neglected to sign deeds, thereby preventing her from carrying on said business, if the complainant would have the lands which she bought from time to time placed in the name of said respondent, Cristel Bolte, as trustee for her, then she could carry on her said real estate business more easily and without any interference by her said husband and that said respondent would hold himself ready and willing at all times to transfer said properties to any purchaser she should find and while said properties were in his name as trustee he would look after any rents and income to be derived therefrom and would act as her agent; that, relying upon the statements of said Cristel Bolte, the complainant engaged him to act as her agent and have executed in his name and delivered into his hands certain deeds to real estate in the City and County of Honolulu, copies of which deeds she attached to her bill of complaint and marked exhibit "A." (The fourth deed in said exhibit "A" is to 30.26 acres, more or less, of land

therein described by metes and bounds, the same being part of the Manoa valley lands involved in the present suit. The deed was executed under date of June 10, 1912, by Ida Whan Waterhouse and five others, as grantors, to C. Bolte, trustee, of Honolulu, as grantee, and recites, as the consideration paid the grantors therefor, the sum of $5,000. It appears to have been recorded in the office of the registrar of conveyances in book 372, on page 99.)

The bill in said equity case No. 2091 further alleged that the deeds referred to therein, including the one hereinabove more particularly described, were executed to said Cristel Bolte, trustee, by the grantors, at the request of the complainant and that in said matters the said respondent Bolte acted merely as the agent of complainant and not in his own behalf; that said Bolte had no interest in said deeds or lands whatsoever but that the same when purchased from the grantors were the sole property of the complainant and that said respondent stipulated and agreed with complainant, prior to the signing of said deeds, that he would transfer to the complainant, or to any third party she would name, the said properties whenever requested so to do by her. She further alleged that thereafter, on or about the 19th day of May, 1915, the respondent Bolte, without the knowledge of the complainant and against her wishes, falsely and fraudulently represented to respondent, William Wolters, that it was her wish that said properties, in said Bolte's name as trustee, should be deeded to said Wolters in order that said Wolters should redeed the same to the respondent Bolte in his own name and person and not as trustee; that the said respondent Wolters, believing said false and fraudulent representations of the said respondent Bolte, consented to said transfer and the said Bolte thereupon made, executed and delivered to the said Wolters two certain instruments in writing, being deeds of conveyance (copies of which, mark-

366

ed exhibit "B," are attached to said complaint and made a part thereof) purporting to convey to said Wolters all of the properties of the complainant which the said respondent Bolte then held in his possession as trustee for complainant. (The first instrument thus set forth as exhibit "B" is a conveyance, for a recited consideration of $5000, executed under date of May 19, 1915, by C. Bolte, trustee, to W. Wolters, of the 30.26 acres of land described in the fourth deed already above referred to as exhibit "A.")

The complainant further alleged that William Wolters, believing the false and fraudulent representations of respondent Bolte, and being deceived thereby, on or about the 19th day of May, 1915, executed conveyances of the said properties to the said respondent Bolte in his own name and person (copies of which deeds, marked exhibit "C," are attached to said complaint and made a part thereof).

Complainant in the bill above referred to further averred that all of said actions and doings were without her knowledge and were against her will and consent and that she was not aware of what had been done or that the said Bolte had systematically proceeded to attempt to sell and convey away her property until after the said deeds had been placed upon record in the office of the registrar of conveyances, and that upon learning of the transfer of said property to the said Bolte by the said Wolters she immediately made demand upon said Bolte that he deed said property to her, which he then and thereafter refused to do.

The bill prayed, among other things, that the respondent, Cristel Bolte, be restrained from selling or disposing of said property until final order of the court and that after a full hearing he be required to reconvey to complainant said property.

Respondent Bolte's sworn answer alleged in effect, among other things, that the fourth deed mentioned in complainant's exhibit "A" is a conveyance of grants 43,109 and 6868, land situate in Manoa valley, Honolulu, and made by Ida W. Waterhouse, et al., to respondent. The consideration mentioned therein for said land was advanced and paid by respondent out of his own money, and no part of said purchase price had ever been advanced or paid by complainant and said property was purchased by respondent under the arrangement and subject to the agreement set forth in the latter part of paragraph two of respondent's answer (namely, that the respondent should purchase said property with his own funds under agreement with the complainant that if she should find a purchaser therefor he would allow her as and for a brokerage commission one-half of the sum in excess of all sums paid or advanced by respondent on account of and in connection with said property and all expenses incurred by respondent in connection therewith, together with interest thereon at eight per cent per annum).

Respondent further alleged that he had in connection with said property purchased, for $928 at his own expense, an additional piece of land in order to give said premises a frontage on the main government road.

His answer averred that he was willing to convey to complainant all his right, title and interest in and to said property at any time on or before August 31, 1917, upon the payment to him of the sums provided for in said agreement. He further answered that about April, 1913, having made numerous advances of money to complainant anticipating her brokerage commissions, he notified her that he would make no further advances to her and informed her that if she did not find purchasers for the remaining property so purchased by him he would close out the account; that thereafter he informed William Wolters about

May, 1915, that he would wait no longer for complainant to find purchasers for said property, but that he proposed then and there to close out said account and he then and there executed the deeds to said William Wolters set forth in complainant's exhibit "B" and immediately thereupon had said property reconveyed to him, as set forth in complainant's exhibit "C."

Respondent further alleged an accounting to and an indebtedness from complainant as of May 19, 1915.

Bolte's said answer was filed June 25, 1917. As yet there has been no hearing and no decision upon the issues raised by the bill and answer in said suit.

As appears by land court record upon application No. 512, introduced as respondent's exhibit "3" in the case at bar, on April 23, 1921, a petition was filed for registration of said Manoa lands in the names of Ernst Cristel Bolte, Friedrich Diechman Bolte and Max Julius Bolte, who therein claimed to be the owners in fee simple of the same under the will of their father, the late C. Bolte, dated April 5, 1919, and duly probated in the circuit court of the first circuit June 10, 1919. Theresa Wilcox Belliveau Kelly was named as one of the respondents in said land court proceeding and on March 11, 1922, filed her answer therein denying the right of the petitioners or any of them to have title registered as prayed and claiming that said respondent was then the sole owner of said lands and entitled to have the fee simple title to the same registered in her name. Thereafter, on April 12, 1924, the said respondent filed in said land court proceeding her withdrawal of her claim and contest therein and her consent that a decree be entered therein awarding and confirming to the petitioners in said cause the title to the property described in said petition. On September 5, 1924, decree of registration was entered in said matter confirming and registering title in the petitioners as prayed, subject only to certain

easements in favor of the Territory of Hawaii and to the dower interest of Lina Bolte, widow of said C. Bolte, which said interest was assigned by said Lina Bolte to the Bishop Trust Company, Limited, by a deed of trust dated August 11, 1920, and thereafter recorded, subject to the trust therein set forth.

It thus appears that whatever interest the complainant might have had in said property in 1924 was released on April 12 of that year by withdrawal of record of her claim in the land court, that fee simple title with no recital of any trust in favor of the complainant was decreed to be in the Bolte devisees above named on September 5, 1924, and that under the provisions of section 3228, R. L. 1925, and subsequent amendments thereto, said decree now binds the land and quiets title thereto and is conclusive upon and against the complainant and all other persons and said decree cannot be opened by any proceeding at law or in equity for reversing judgments or decrees. Furthermore, under said last named section, at the time of the commencement of proceedings herein, to-wit, on the 28th day of June, 1928, the time had long since passed within which complainant could legally petition for review of said land court proceedings upon the ground that said decree had been obtained by fraud.

The foregoing evidence in connection with recited facts sustains the judge's finding that the execution of the originals of complainant's exhibits "A" and "B" was in compromise of a disputed claim.

The question as to the existence of a trust and the continuance of fiduciary relations based thereon between C. Bolte and the complainant after May 19, 1915, the date of the deed to William Wolters and of the alleged accounting with the complainant, has been left undetermined in said equity case No. 2091. No finding was made on this subject in the case at bar and none was required to be made for the

reason that whatever claim the complainant may have had to an interest in the said Manoa lands on March 29, 1924, because of such trust or upon any other ground was abandoned on April 12, 1924, by the filing of her withdrawal of the same and by her consent to a decree in favor of the petitioners in the land court proceeding. The subsequent decree as hereinabove set forth judicially disposed of her claim and quieted title to the land.

The bill of complaint alleged the value of said Manoa lands to be $25,000, but no evidence was introduced to support this allegation, the only evidence of value being the evidence of the price paid for the land in 1912 which the complainant testified to have been $5,500, and in complainant's further testimony that Mr. Walker and others whose names are not disclosed had told her that its value was $4,000. Except as hereinabove set forth, no evidence was given as to the value of complainant's claim of an interest in said land as of March 29, 1924. In view of the fact that title to said land had been conclusively quieted in the Bolte devisees at a date long prior to the commencement of proceedings herein by a decree which was no longer subject to review or reversal, evidence, if any, of the value of said land on March 29, 1924, was immaterial. Furthermore, the trial judge committed no error in failing to make a finding as to the adequacy or inadequacy of the consideration paid for complainant's alleged interest therein for the same reason. Assignments five, six, seven and nine, therefore, cannot be sustained.

Assignment eight is as follows: "That the court erred in dismissing the bill and in proceeding with the trial to its determination resulting in such dismissal upon the ground that during said trial it became apparent that the heirs of C. Bolte were parties in interest to the suit, and that the said suit should have therefore abated for nonjoinder of parties."

No question of nonjoinder of necessary parties defendant appears to have been raised in the trial court. If there was such a nonjoinder and the defect was not cured, the fault was that of the complainant. Respondent did not in the trial court and does not now seek to take any advantage of this defect, if there was such a defect. If the existence of such a defect, namely, the nonjoinder of the necessary parties defendant, had been properly called to the trial court's attention and had not been cured by amendment or otherwise, the proper result would have been the dismissal of complainant's bill. The result of the trial was a dismissal of the bill upon its merits. "Where a plaintiff in equity has shown no right to relief, an appellate court will not reverse a decree dismissing his bill although all the parties directly interested in the subject matter were not before the court." *Mitchell* v. *Chancellor,* 14 W. Va. 22, 27. Assignment eight points out no prejudicial error against the complainant.

Assignment ten is as follows: "That the decision and judgment dismissing complainant's bill of complaint is contrary to the law and the evidence and the weight of the evidence." This assignment is indefinite and general in its nature and asks this court upon error to pass upon the weight of the evidence. For reasons set forth with reference to assignment three, assignment ten cannot be considered.

The decree of the trial judge dismissing the bill at complainant's costs is affirmed.

*M. L. Heen* (also on the briefs) for complainant and complainant in error.

*J. G. Anthony* (*Robertson & Castle* on the brief) for respondent and respondent in error.