## JHAMANDAS WATUMULL AND D. J. WATUMULL, COPARTNERS DOING BUSINESS AS THE EAST INDIA STORE, *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

### No. 2276.

ARGUED JANUARY 21, 1937.　　　　．　　　DECIDED FEBRUARY 23, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The plaintiffs, plaintiffs in error, Jhamandas Watumull and D. J. Watumull, copartners doing business as the East India Store, come to this court by writ of error from an adverse judgment in the circuit court in an action instituted by them to recover from William Borthwick, tax commissioner of the Territory, the sum of $3.27 alleged to have been illegally collected by the latter.

At the outset counsel for the defendant in error questions the sufficiency of the assignments of error and he

further complains that plaintiffs in error have wholly failed to embody within their opening brief any specification of assigned errors which are relied upon as required by rule 3 (b) of the supreme court. The assignments of error are: "(1) That the circuit judge erred in giving judgment for defendant and against plaintiffs; (2) that the decision of the circuit judge filed and docketed in the above entitled cause is erroneous and contrary to law; (3) that the judgment in said case is contrary to the law, the evidence, and the weight of the evidence." It is conceded by both parties that no facts are at issue. The third assignment then is reduced to a mere statement that the judgment is contrary to law. The three assignments are therefore entirely too general to come within the rule so many times announced by this court to the effect that an assignment of error must specify wherein and how the trial court erred. They fail to bring to this court any questions of law upon which the trial court has erroneously ruled to the prejudice of the plaintiffs in error. As pointed out in *Fraga* v. *Portuguese Mut. Ben. Soc.,* 10 Haw. 128, 129, the most that can be made of the three assignments of error is that the judgment entered in the lower court is "contrary to law." Such an assignment is "too general and vague to serve the purpose mentioned or to satisfy the statutory requirement." *Zen* v. *Koon Chan,* 27 Haw. 369, 372. (See also *Smith* v. *Laamea,* 29 Haw. 750; *Kaohelelani* v. *Bishop Trust,* 31 Haw. 357; *Nawahi* v. *Trust Co.,* 31 Haw. 958; *Lemes* v. *Lusitana Society,* 32 Haw. 522; *Dress Mfg. Co.* v. *Cadinha,* 33 Haw. 456, 472.)

Equally objectionable and deficient is the brief of plaintiffs in error. It contains no specifications of error required by rule 3 (b) of the supreme court. This court has repeatedly called the attention of litigants and the bar to the requirements of this rule. In *Territory* v. *Taok,* 33 Haw. 560, the warning was sounded in the following emphatic

language: "The appellant absolutely failed to comply with the provisions of rule 3 (b) of this court that the brief contain 'a specification of the exceptions or assigned errors which are relied upon.' Failure to observe this rule may merit dismissal. Its observation conforms to the best practice and eliminates all doubt of the actual errors assigned." And again in *Furtado* v. *Rezents,* 33 Haw. 569, the court said: "No specifications of error are included in appellant's brief as required by the rule of court. This is a fault of recurring frequency and if persisted in the court for its own protection will be compelled to resort to punitive measures."

A similar situation arose in the Federal court. (See *Sovereign Camp of the Woodmen of the World* v. *Jackson,* 97 Fed. 382, where the court dismissed the appeal because of the violation of the rule. See also *Gibson* v. *Hubbard,* 57 Pac. 88; *Hudson* v. *Von Weise,* 104 S. W. 602.) As pointed out by the supreme court of Montana in *Gibson* v. *Hubbard, supra,* the rule should either be enforced or abolished. A strict compliance with the rule is not required but a substantial and reasonable observance thereof becomes necessary for the twofold purpose of 1. enabling the appellate court readily to appreciate and understand the errors complained of, and 2. to enable opposing counsel to know what points are relied upon and what is urged as error in the action of the court. (3 Am. Jur., § 770.) In the present case the requirements of both the statute and the rule of court have been ignored.

The appeal is dismissed.

*D. C. Lewis,* Special Deputy Attorney General (*W. B. Pittman,* Attorney General, with him on the brief), for the motion.

*F. Schnack* contra.