## MANUEL GOUVEIA *v.* NAKAMURA.

APPEAL FROM DISTRICT COURT, NORTH KONA, HAWAII.

SUBMITTED JUNE 20, 1901.          DECIDED JUNE 29, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A judgment rendered by a District Magistrate in a summary proceeding to recover possession of land is void where the summons was made returnable in a less time than that required by the statute and where the complaint did not show the existence of the relation of landlord and tenant between the plaintiff and defendant, and where for these reasons the defendant declined to plead and the judgment which was for the plaintiff was forthwith rendered.

A void judgment may be set aside on motion even though an appeal had been taken previously but dismissed for informalities.

An appeal may be taken from a decision overruling a motion to set aside a judgment where a substantial right is involved and the judgment is clearly void as appears upon the face of the record.

OPINION OF THE COURT BY FREAR, C.J.

This is a summary proceeding to recover possession of certain land under the landlord and tenant statute. The plaintiff alleged "that defendant is in possession of certain premises under lease from one D. Alawa to the plaintiff, situate at Holualoa 2, North Kona aforesaid, the same being a certain interest of said D. Alawa in the Hui lands of Holualoa 1 and 2, North Kona aforesaid, which the said defendant is holding wrongfully, unlawfully and against the rights of the plaintiff." The summons was issued January 22, 1901, and made returnable January 24, 1901.

On the return day the defendant appeared specially and moved to quash the summons for the reason that it was made returnable in less than three days, contrary to the provisions of the statute. This motion was overruled and the case was continued to the 26th. On the latter date the defendant, stating that he waived no point or error in the overruling of the motion to quash, moved to dismiss the action on the ground that the complaint did not set forth a cause of action within the jurisdiction of the District Magistrate. This also was overruled. Defendant declined to answer and judgment was forthwith rendered for the plaintiff. The defendant then appealed to the Circuit Judge of the Third Circuit, who on plaintiff's motion dismissed the appeal for informalities. The defendant then moved the District Court to vacate the judgment on the ground that the court had no jurisdiction of the defendant for the reason that the summons was returnable in a less time than that required by the statute, or of the subject matter for the reason that the complainant did not set forth facts sufficient to bring the cause within the jurisdiction of the court. This motion was overruled and the defendant now appeals from the decision overruling the motion.

The summons should have been made returnable in not less than three nor more than five days. Civ. L. Sec. 1682. See *Pantall v. Dickey*, 123 Pa. St. 431.

The complaint should have shown the existence of the relation of landlord and tenant between the plaintiff and defendant, for without that the District Court would have no jurisdiction. *Coney v. Manele*, 4 Haw. 154.

The judgment was void and should have been set aside. 17 Am. & Eng. Ency. of L. 825. The fact that an appeal had been taken or attempted from the judgment and had been dismissed did not prevent the setting aside of the judgment.

An appeal lies from an order declining to set aside a judgment where a substantial right is affected and the judgment is clearly void as matter of law. Ib. 848.

The order of the District Magistrate overruling the motion to set aside the judgment is reversed and the case is remanded to him with directions to set aside the judgment.

*J. M. Vivas* for plaintiff.

*Andrews, Peters & Andrade* for defendant.