## HARRY T. MILLS *v*. JOHN S. WALKER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 4, 1907.     DECIDED FEBRUARY 7, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PRACTICE—*judgment by default, entry of, and appeal from.*

November 28 the parties appeared before the magistrate and a garnishee was examined, cross-examined and discharged. The case was continued to November 30, when the parties again appeared, the defendant demurred to the complaint and, his demurrer being overruled, moved to dismiss the suit on the ground that no copy of the complaint had been served on him. The case was continued to December 3 when the plaintiff appeared and the defendant, not appearing, was defaulted. The magistrate, upon evidence taken ex parte, gave judgment for the plaintiff from which the defendant appealed to the circuit court which dismissed the appeal. Held: The demurrer was a general appearance involving waiver of service; the motion to dismiss was not such as would have entitled the defendant upon its denial to further continuance had he appeared on the day set; the entry of the default was authorized by the statute, R. L., Sec. 1767, which, by analogy, is applicable to proceedings before a district magistrate; the dismissal of the appeal was within the rule of *Luce v. Chin Wa*, 5 Haw. 631.

OPINION OF THE COURT BY HARTWELL, J.

The plaintiff brought an action against the defendant and W. G. Irwin & Co. as garnishee November 27, 1906, before the district magistrate of Honolulu to recover of the defendant the sum of $54, the price of certain goods sold to him by L. B. Kerr & Company, Limited, that company, as the complaint averred, having assigned its claim to the plaintiff. November 28 the plaintiff and the garnishee appeared in person and the defendant

by attorney. The garnishee, after being examined and cross-examined, was discharged and the case continued to November 30, at which date the plaintiff and the defendant's attorney appeared. The defendant demurred to the complaint and, his demurrer being overruled, moved "to dismiss the suit on the ground that no copy has been served on the defendant." The case was continued to December 3 when the plaintiff appeared and the defendant, not appearing when called, was defaulted. Thereupon the magistrate took the evidence of the plaintiff, ex parte, consisting of his testimony that the defendant "admitted the amount to be correct and due." Judgment was then entered for the plaintiff for the sum claimed with interest, attorneys' commissions and costs amounting in all to $81.83. The defendant on the same day appealed from the judgment to the circuit court which granted the plaintiff's motion to dismiss the appeal because taken from a judgment by default.

The case comes here upon the defendant's exception to the order dismissing the appeal. As it does not appear that he demurred to the jurisdiction his demurrer must be regarded as a general appearance involving waiver of service of a copy of the complaint. The motion to dismiss on the ground of defective service was not the kind of motion which would have entitled the defendant upon its denial to a further continuance if he had been present on the day set and then learned of its denial. To give such effect to motions of that kind would involve a magistrate's court in useless and annoying delays. The plaintiff's evidence was therefore properly heard ex parte. If instead of appealing from the judgment the defendant had moved to have the default set aside on the ground that he did not owe the bill, or that the claim had not been properly assigned, and had appealed from a denial of the motion, it is possible that the default would have been ordered to be set aside on a showing of a defense which would be made if the case were reopened, but an appeal from the judgment waiving the right to have the default set aside justifies the inference that there was no defense upon the facts.

The defendant contends that the magistrate, before hearing evidence, should have notified him that the motion to dismiss was denied and set another day for a hearing and should not have entered a default before the end of the day to which the case was continued; also that the evidence did not show that the claim had been assigned by any one authorized by the Kerr corporation—this fact, as claimed, being jurisdictional, to·be shown explicitly—and further that the judgment was not a judgment by default.

If the exception presented the question, as it does not do, of the sufficiency of the evidence to justify the finding that the defendant owed the plaintiff the sum claimed it might properly be held to be sufficient in law. If technically there is no judgment by default after an appearance, but rather of nil dicit, and whatever may be the practice in other jurisdictions the magistrate's course was authorized by the statute.

"If, upon calling the plaintiff, he does appear, and the defendant having joined issue does not appear, or answer when called, the court may order judgment by default to be entered against such defendant, and allow the plaintiff to proceed ex parte." R. L., Sec. 1767.

Although the statute relates to courts of record it is applicable by analogy to proceedings in a district magistrate's court. We see nothing in the case to support the contention that the case was continued until December 3 for the purpose of deciding the motion to dismiss the action or that the motion was not decided before the default was entered. The entry of default implies denial of the motion.

The rule that no presumption shall be made in favor of the jurisdiction of magistrates does not require a record to be ,made by them concerning every motion, oral or written, and of whatsoever nature. The dismissal of the appeal to the circuit court was within the rule in *Luce v. Chin Wa,* 5 Haw. 631, that "The reasons, if any exist, for the removal of a default, should be presented to the court which has ordered it."

Exceptions overruled.

*A. S. Humphreys* for plaintiff.

*G. A. Davis* for defendant.