## K. AKATSUKA *v.* W. A. McKAY.

## No. 1099.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.
### HON. S. B. KEMP, JUDGE.

SUBMITTED DECEMBER 10, 1918.            DECIDED JANUARY 8, 1919.

COKE, C. J., AND CIRCUIT JUDGES DEBOLT AND HEEN IN PLACE OF KEMP AND EDINGS, JJ., DISQUALIFIED.

APPEAL AND ERROR—*verdict based upon weight of evidence.*

This court will not on error reverse a verdict where the record shows that it was based on the credibility of witnesses or the weight of the evidence.

COURTS—*jurisdiction to alter judgment.*

After a court of limited jurisdiction has entered a final judgment in the case the power of the court to alter the judgment has ceased and any attempt to do so would be extrajudicial and without force.

SAME—*power to correct record of proceedings.*

A district magistrate has authority to correct the minutes of

proceedings of his court where the same are incorrect before certifying the record to the appellate court.

SAME—*district magistrates—damages.*

In a case where it does not appear that the magistrate attempted to exercise authority where he had none or attempted to assume jurisdiction where none existed he cannot be required to respond to damages for his acts.

OPINION OF THE COURT BY COKE, C. J.

This action on the case for damages was instituted by K. Akatsuka, plaintiff and plaintiff in error, against W. A. McKay, defendant and defendant in error, in the circuit court of the first judicial circuit. The plaintiff asked judgment against the defendant in the sum of $15,000 for actual and punitive damages. The allegations of the complaint may be summarized as follows: That defendant was and is the district magistrate of Wailuku, County of Maui and Territory of Hawaii; that on the 7th day of May, 1916, a police officer filed a complaint charging the plaintiff with the crime of having received stolen goods and that plaintiff was duly arraigned upon said charge before the defendant as district magistrate and entered a plea of not guilty and thereupon without any other proceedings he was sentenced by the magistrate to pay a fine of fifty dollars and to be confined in jail for the period of ten days; that on the following day plaintiff appealed from said judgment and sentence to the circuit court of the second judicial circuit paying costs on appeal of $1.10; that it was the duty of the district magistrate to keep a record of said cause and that the record so kept showed that the plaintiff did not plead guilty to the charge but after sentence had been imposed and an appeal taken the district magistarte, on May 19, 1916, without notice to plaintiff, fraudulently, maliciously, wantonly and without reason or proper cause altered the record so as to make it appear that plaintiff had plead guilty to such

charge and that the district magistrate was justified in the sentence theretofore imposed and for the further wilful, malicious and wanton purpose of defeating a trial by jury of the plaintiff in said cause; that on May 22, 1916, plaintiff filed a motion before said district magistrate to amend the record in said cause so as to show the true facts and happenings in said cause on the 8th day of May, 1916, which motion was denied without the taking of testimony; that on June 1, 1916, plaintiff appealed from the refusal of the district magistrate to make the record in said cause conform to the true facts; that on the 25th day of May, 1916, said cause came on for hearing in the circuit court of the second circuit upon the appeal of the plaintiff last above referred to whereupon the circuit court found and held that the plaintiff had not plead guilty to said charge on the 8th day of May, 1916, and the said circuit court ordered the cause remanded to the district court of Wailuku for the taking of a plea to said charge and for further proceedings according to law; that on the 21st day of June, 1916, plaintiff was again arraigned in the district court of Wailuku and plead not guilty and upon his plea was tried and found not guilty; that plaintiff has expended certain sums of money in the matter of his appeal to the circuit court, the amount of which has not been returned to him. The prayer of the complaint is as follows: "Wherefore, by reason of the wanton, malicious and corrupt actions of the defendant herein in denying to your plaintiff a trial of the charge of having received stolen goods and on which he was arraigned before the defendant herein, then and now district magistrate of Wailuku, County of Maui, Territory of Hawaii, and the failure of the said defendant herein to make a true record of such proceeding and the failure of defendant herein to amend the record in said cause to conform to the facts and the failure of the defendant herein to pay unto your

plaintiff the sum of $2.20 paid by plaintiff herein to perfect his said aforementioned appeals, your plaintiff has been damnified in the sum of $10,000." The foregoing paragraph is followed by another of like tenor alleging punitive damages in the sum of $5000. The final prayer of the complaint demands judgment against defendant in the sum of $15,000.

The cause was tried before the second judge of the circuit court of the first judicial circuit, Territory of Hawaii, without a jury, and at the conclusion of the trial the circuit judge rendered a decision finding against plaintiff and in favor of the defendant and judgment accordingly was entered up. The plaintiff comes here on a writ of error and in his petition assigns six errors alleged to have been committed by the circuit court as follows:

"(1) That the court erred in holding that the plaintiff, plaintiff in error, suffered no damage and was not in greater jeopardy than that in which he was originally placed.

"(2) That the court erred in holding that the plaintiff, plaintiff in error, was not entitled to recover the sum of $1.10, paid by him to perfect his appeal from the refusal of the court to make the record of the district court of Wailuku to conform to the truth.

"(3) That the court erred and in basing his decision upon a private book kept by the district magistrate for his own guidance when the same was not admitted in evidence.

"(4) That the court erred in its conclusions of fact which was the basis of its judgment.

"(5) That the court erred in rendering judgment for the defendant, defendant in error, basing the judgment upon an erroneous and mistaken conception of the use of Hawaiian terms.

"(6) That the court erred in rendering judgment for the defendant, defendant in error, there not being a scintilla of evidence upon which to base said judgment."

We think the case turns chiefly upon the decision of the

circuit judge holding that the plaintiff entered a plea of guilty when arraigned before the district magistrate upon the criminal charge, for if he did so plead the district magistrate could not be required to respond in damages for altering his record so that the same would correctly recite the proceedings. Upon this point there is a diversity of evidence. The plaintiff, the Japanese interpreter and others testified that the plaintiff's plea was not requested by the magistrate and that none was entered by him. On the other hand the defendant testified that the plaintiff when arraigned plead guilty to the charge and in this he is corroborated, at least to some extent, by Mr. Bevins, the county attorney, who was present in the court room.

The court below determined this issue favorably to the defendant and found that the plaintiff had entered a plea of guilty when arraigned before the magistrate. There being evidence to support the conclusions of the trial court we are unwilling to disturb them. This court has repeatedly held that it will not on error reverse a verdict where the record shows that it was based on the credibility of witnesses or the weight of the evidence. *Hang Fook* v. *Republic,* 9 Haw. 593; *Pahukula* v. *Maguire,* 9 Haw. 630. The court below having determined that the defendant entered a plea of guilty when arraigned before the district magistrate it follows that the alteration of the record made by the defendant herein was for the purpose of making the same correspond to the proceedings actually had. There is no doubt that after a court of limited jurisdiction has entered a final judgment in a case the power of the court to alter the judgment has ceased and any attempt to so do would be extrajudicial and without force. Even in a court of general jurisdiction a judgment once entered must stand until modified, vacated or disposed of by some process prescribed by law. There are numerous interesting authorities upon the right of courts to alter their

records and upon the liability of judges to respond in damages for acts done without jurisdiction. *Randall* v. *Brigham,* 74 U. S. 523; *Tompkins* v. *Sands,* 8 Wend. 462; *McCormick Harvesting Machine Co.* v. *Halvorson,* 11 S. D. 427; *Banister* v. *Wakeman,* 15 L. R. A. 201; *Foster* v. *Alden,* 21 Mich. 507. It does not appear that the magistrate at any time attempted to alter the judgment and sentence which he pronounced upon the plaintiff at the time of the arraignment. The alteration in the record was confined to the minutes of the proceedings. The record herein shows that the magistrate had a clerk who kept the record of the proceedings; that after the appeal had been perfected by the defendant the clerk's record of the case was submitted to the magistrate to be certified by him to the appellate court. In scrutinizing the record the magistrate found that the clerk had omitted to insert in the record the plea of guilty entered by the plaintiff and on the following day in open court the magistrate ordered a correction in the record in that respect. The law requires the magistrate to preserve in written detail the minutes and proceedings of trials, transactions and judgments with the substance of the testimony and the facts upon which their decisions rest (Sec. 2308 R. L.), and the practice obtaining in this Territory is, that when an appeal is taken from the district magistrate's court the magistrate or his clerk prepares a copy of the record and the magistrate certifies the same to the appellate court as a full and correct copy of his record in the cause and it would indeed be an anomaly if where the record on appeal prepared by the clerk is presented to the magistrate for his certification and the magistrate finds that it is incorrect he is powerless to make any corrections but must certify it unchanged to the court of appeal. The right of the magistrate to correct his record was recognized by this court in *Ferreira* v. *Kamo,* 19 Haw. 162; 187 and 317. In

the present case the magistrate, having knowledge that the plaintiff in error had perfected an appeal, and recognizing, as he must have recognized, that the contemplated alteration in the record might seriously affect the status of the plaintiff in the matter of his appeal, should have notified the plaintiff or his counsel and afforded them an opportunity to be heard prior to making the alteration. But this does not present a case where the magistrate attempted to exercise authority where he had none or attempted to assume jurisdiction where none existed. The most that can be said is that the alteration of the record without notice to the plaintiff was irregular, but for this the magistrate cannot be required to respond in damages.

The third assignment of error is emphasized by counsel for plaintiff. He urges that it was reversible error for the court to use as a basis for its decision the private book kept by the magistrate and which was not admitted in evidence. The only reference to this book appearing in the decision of the court below is the recital that "the memorandum kept by the magistrate has an entry of a plea of guilty evidently made at the time of the arraignment." The book or memorandum was not introduced in evidence but the entry therein was read into the record and entirely bears out the finding of the circuit judge just referred to. In this we see no error.

Finding no error in the record the judgment of the circuit court is affirmed.

*Eugene Murphy* and *Andrews & Pittman* for plaintiff in error.

*J. Lightfoot,* Deputy Attorney General, for defendant in error.