HENRY SHILHAN *v.* MELVIN HO.

NO. 2915.

ARGUED JUNE 26, 1953.  DECIDED AUGUST 3, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Appeal is prosecuted from the decision of a magistrate of the district court of Honolulu (R. L. H. 1945, § 9501).

The pertinent portions of the amended certificate recite:

"In refusing to grant the defendant's motion, the Magistrate held as a matter of law:

"1. The judgment rendered May 13, 1952 was not void.

"2. The Magistrate was without authority to vacate said judgment."

The material facts are not disputed. Appellee filed a suit in the district court to recover damages in the sum of $500 to his vehicle resulting from a collision with appellant's vehicle. Judgment of $469.80 for those damages together with costs was rendered against appellant who appealed from that judgment to the circuit court. Pending disposition of the appeal, appellee filed a second suit in the district court to recover $500 for loss of use of the vehicle during the period of repair. The second suit arose from the same transaction and the same parties are litigants. Appellant failed to appear or answer in the second suit, and default judgment of $500 together with costs was entered against him.

Following expiration of the ten-day period contemplated by section 9675 of the Revised Laws of Hawaii 1945 and upon due notice, appellant moved to vacate the default judgment "* * * on the grounds that on the 12th day of May, 1952, in an action then pending in said District Court designated as No. 119-573, between Henry Shilhan, plaintiff, and Melvin Ho, defendant, and for the same cause of action as that set forth in the complaint herein, judgment was duly given and entered in favor of said plaintiff and against the defendant." The magistrate ruled that the default judgment rendered in the second suit was not void, and that he was without jurisdiction to vacate that judgment ten days after rendition.

The points of law specified are: First, that error was committed in permitting the plaintiff to split his sole

cause of action into two suits; and second, that the district magistrate erred in denying appellant's motion to open the default and vacate the judgment rendered in the second suit.

It is well settled that: "The prevailing rule is that an entire claim cannot be split for the purpose of bringing several actions on the different parts within the jurisdiction of an inferior court. This rule is based upon the maxims that it is for the public good that there be an end of litigation and that no one ought to be twice vexed by one and the same cause. But what is the result if an action is brought on a part only of the cause? * * *

"It is settled that the amount prayed for and not the amount due determines whether the case is within the jurisdiction of the court; also that one may waive a portion of his claim in order to bring his action within the jurisdiction of an inferior court." (*Lewers & Cooke* v. *Redhouse*, 14 Haw. 290, 292.)

Entry of the default judgment in the second suit permitting appellee to split his entire claim clearly constituted error.

Determination of the second point of law is dependent upon whether the district magistrate abused his discretion in refusing to vacate the default judgment in the second suit after the lapse of ten days following rendition. Section 9675 of the Revised Laws of Hawaii 1945 provides in part: "The district magistrates shall have the power * * * to alter any judgment within ten days following the date of its rendition for good cause shown by any party and after notice given to the opposite party * * *."

The legislative history of the foregoing portion of section 9675 to a great extent reveals its purpose. Prior to the first amendment of that portion of the section in 1935, section 9675 provided: "The district magistrates shall have

power to administer oaths, to perpetuate testimony under commissions issued to them from other courts, and to issue commissions for the perpetuation of testimony to be used in controversies pending before them, to grant continuances of proceedings before them, to subpoena and compel the attendance of witnesses within the circuits in which their respective districts are situated, to enforce judgment and to punish contempts according to law. * * * [L. 1892, c. 57, s. 12; R. L. 1925, s. 2275; am. L. 1925, c. 145, s. 1.]." (R. L. H. 1935, § 3764.) It bore no reference nor did its terms empower district magistrates to alter final judgments.

The following transpired in the 1935 session:

"Under a decision of the Supreme Court, a district magistrate has no power to alter his judgment after its rendition. This bill, if enacted, will empower a district magistrate to alter his judgment but only on the day of its rendition." (Sen. J., 18th Legis., Terr. of Haw. 890 [1935].)

The opinion apparently referred to was *Akatsuka* v. *McKay*, 24 Haw. 600, 604 (1919), which pronounced the rule that: "There is no doubt that after a court of limited jurisdiction has entered a final judgment in a case the power of the court to alter the judgment has ceased and any attempt to so do would be extrajudicial and without force."

"The purpose of the Bill is to give the district magistrates additional power, i.e., to render final judgments and to alter any judgment on the day of its rendition * * *." (House J., 18th Legis., Terr. of Haw. 1462 [1935].)

The pertinent portions of the section as amended provided: "The district magistrates shall have power * * * to alter any judgment on the day of its rendition * * *." (S. L. H. 1935, Act 110.)

In 1937 the legislature enacted a further amendment:

"The statute which this bill proposes to amend provides that district magistrates may alter any judgment on the day of its rendition. Under this bill, the time in which a judgment may be altered is extended to ten days, corresponding to the time within which an appeal may be taken from such judgment.

"This extension of time appears to be reasonable as ample time should be allowed litigants to make a showing that a judgment should be modified to correct any errors or to prevent injustice and thereby save the expense of having to take an appeal." (Sen. J., 19th Legis., Terr. of Haw. 218, 219 [1937].)

"The legislature at the 1935 session for the first time provided (by Act 110 of the Session Laws of 1935) that a District Magistrate may not change any judgment rendered by him after the day of its rendition. This has proved a mistake as it frequently happens that judgment is entered rather late in the day and within a day or two facts may come to the attention of the Magistrate which would have required him to rule differently and because of which he has every desire to vacate the judgment he has rendered and decide the matter differently. * * * At present there is no remedy for this situation. If this Bill passes the Magistrate, for good cause, and only upon notice to the other side can alter any judgment within ten days after its rendition." (House J., 19th Legis., Terr. of Haw. 1247 [1937].)

The section has not been amended since 1937 and is in terms as quoted *supra*.

Hawaiian precedents prior to the first amendment are in apparent conflict. It was held in *Gouveia* v. *Nakamura*, 13 Haw. 450 (1901), that a judgment of the district court

there under consideration was void, for lack of jurisdiction, and the magistrate erred in refusing to vacate it, despite the fact that an appeal had been perfected to the circuit court and dismissed.

Three years later in *Lyman* v. *Winter*, 15 Haw. 424, 426 (1904), it was held: "The District Court ruling appealed from is interlocutory and therefore not appealable if that court had authority to make it. In our opinion, District Magistrates have, under our laws, power to set aside their own unsatisfied judgments and to re-open cases before they have been removed by appeal or otherwise to another Court whenever, in their discretion, the ends of justice require that this be done. Whatever the rule may be elsewhere as to police or justices' courts, our district courts have long exercised the power and the practice not only has been unquestioned but has been recognized by the Supreme Court."

In *Akatsuka* v. *McKay*, 24 Haw. 600, 604 (1919): "There is no doubt that after a court of limited jurisdiction has entered a final judgment in a case the power of the court to alter the judgment has ceased and any attempt to so do would be extrajudicial and without force." In that case Akatsuka had been charged with a criminal offense and, according to the minutes of the district court, pleaded guilty. He thereafter filed suit against the district magistrate asserting that he had failed and refused to alter and correct the minutes in dispute to conform to the truth. The issue of whether the magistrate had the power to alter his judgment was not raised upon appeal to this court. It is noteworthy however that upon the opinion in the *Akatsuka* case the legislature deemed it necessary to amend the section to empower magistrates to alter their judgments upon the day of rendition, and two years later by further amendment empowering magistrates to alter their

judgments within ten days after rendition.

Without considering the applicable statutory provisions, it is abundantly evident that our effective precedents support the contention of the appellant that a district magistrate possessed the power to alter judgments even before the amendments. However, and despite the declared and obvious intent of the legislature to extend them additional power in that respect by the subsequent amendments of 1935 and 1937, this legislation effectively deprived and estopped district magistrates from altering *voidable* judgments ten days after rendition.

Appellant contends, however, that other principles of law govern default judgments. It is argued that in *Mills* v. *Walker*, 18 Haw. 243, this court held that certain portions of the statutes relating to defaults in *courts of record* were applicable by analogy to district courts, and that section 10071 of the Revised Laws of Hawaii 1945 applies to district magistrates as well as to circuit court judges. Section 10071 of the Revised Laws of Hawaii 1945 relates to *default judgments only* and provides in part: "* * * The judge or the court shall have power, however, to open the default, in their discretion, for good and sufficient reasons." We conclude that upon the amendments of 1935 and 1937 the analogy, assuming it did apply prior thereto, is no longer applicable.

*Gouveia* v. *Nakamura,* 13 Haw. 450 (1901), *supra,* and *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, 292, *supra,* pertaining to judgments of district courts, are determinative of the issue presented, namely, whether the default judgment rendered in the second suit upon the split cause of action was absolutely void or merely voidable. In support of the doctrine announced in those cases we find also that:

"Inferior tribunals, such as justice of the peace courts, are of limited jurisdiction, having only such authority as

has been expressly or by necessary implication conferred upon them. Ordinarily they do not sit in terms. By reason, therefore, of their nature and manner of conducting their business they do not possess some of the powers inherent in courts of general jurisdiction, such as the power under some circumstances, to vacate their judgments. In the absence of statutory authority, such inferior courts cannot set aside their judgments for any reason, except in case of a judgment wholly void, as where there was no jurisdiction of the person of the defendant, in which event, being a mere nullity, it is entitled to no consideration and may doubtless be stricken from the record." (3 Freeman, *Law of Judgments*, §1260, 5th ed.)

"* * * whenever it is made to appear that the court lacked the necessary power to act by reason of a failure to obtain the requisite jurisdiction over either the subject matter or the parties, or both, its judgment is void; * * *." (1 Freeman, *Law of Judgments*, § 352, 5th ed.) "A wrong decision made within the limits of the court's authority is error correctable on appeal or other direct review, but a wrong, or for that matter a correct, decision where the court in rendering it oversteps its jurisdiction and power is void and may be set aside * * *. Such excess of authority or power is akin to a want of jurisdiction over the subject matter * * *." (1 Freeman, *Law of Judgments*, § 354, 5th ed.)

"A judgment is a mere nullity if pronounced by a court which undertakes to exercise authority over matters wholly outside the powers conferred upon it by law or upon matters as to which its jurisdiction has not been invoked, and its invalidity may be shown to be so in any collateral or other proceeding in which it is drawn in question." (1 Freeman, *Law of Judgments*, § 337, 5th ed.)

"The judgment was void and should have been set aside.

\* \* \* The fact that an appeal had been taken or attempted from the judgment and had been dismissed did not prevent the setting aside of the judgment." (*Gouveia* v. *Nakamura*, 13 Haw. 450, 452 [1901].)

"But since in this case the action itself was for an amount above $300, the Magistrate never acquired jurisdiction of the case and his judgment was absolutely void." (*Lewers & Cooke* v. *Redhouse*, 14 Haw. 290, 294 [1902].) While the facts of the *Redhouse* case are dissimilar to the instant case we adopt the reasoning therein expressed.

In the instant case jurisdiction of the parties being admitted, the only other grounds upon which the second judgment could be absolutely void must be either the district court's lack of jurisdiction over the subject matter or that its judgment was in excess of its jurisdictional limitations. Section 9674 of the Revised Laws of Hawaii 1945 as amended, and as effective at the time that the suits now in issue were instituted, provides in part: "The district courts shall have \* \* \* concurrent jurisdiction in all civil actions \* \* \* where the \* \* \* amount of damages \* \* \* shall not exceed five hundred dollars \* \* \*." (See also S. L. H. 1953, Act 34, effective April 28, 1953 and R. L. H. 1945, § 10406, as am., for joinder of other causes of action in summary possession actions.)

Appellant's single cause of action, as a matter of law, can give rise to only one suit. The procedural course adopted by appellee herein is expressly prohibited in *Lewers & Cooke* v. *Redhouse*, 14 Haw. 290, 292: "The prevailing rule is that an entire claim cannot be split for the purpose of bringing several actions on the different parts within the jurisdiction of an inferior court." The aggregate of the damages, less costs prayed for in the two suits filed upon the single cause of action is $1000, which amount is in excess of the jurisdiction of the district court in civil

actions. (R. L. H. 1945, § 9674, as am., but before amendment by S. L. H. 1953, Act 34.)

We find the second judgment rendered to be absolutely void and a nullity, and as such, the district magistrate should have summarily vacated it upon motion.

Reversed and remanded with instructions to vacate the default judgment rendered against the appellant in civil proceeding number 120-335.

*M. D. White* (also on the briefs) for appellant.

*D. N. Ingman* (also on the brief) for appellee.