**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000027**
**30-NOV-2012**
**09:02 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI, Plaintiff-Appellant,
vs.
DREW CLEMENTE, Defendant-Appellee.

CAAP-11-0000027

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-10-03997 and 1DTI-10-119585)

NOVEMBER 30, 2012

NAKAMURA, CHIEF JUDGE, AND LEONARD AND REIFURTH, JJ.

OPINION OF THE COURT BY NAKAMURA, C.J.

Based on a mistaken belief that a critical witness would not be appearing, the trial court dismissed, with prejudice, charges against Defendant-Appellee Drew Clemente (Clemente) for operating a vehicle under the influence of an intoxicant (OVUII) and speeding. After the mistake was discovered and the witness arrived on time, Plaintiff-Appellant State of Hawaiʻi (State) orally moved that the trial court reconsider its dismissal of the charges. The trial court denied the State's motion and subsequently filed a written decision.

The trial court concluded it had no power to grant the State's motion for reconsideration because: (1) overturning the dismissal of the charges would violate the constitutional protection against double jeopardy and the statutory codification of that protection as set forth in Hawaii Revised Statutes (HRS) § 701-110(1) (1993); and (2) it lacked jurisdiction to reconsider its dismissal with prejudice.

The State appeals from the Amended Judgments dismissing the charges with prejudice. We hold that the trial court erred in dismissing the charges and in denying the State's oral motion for reconsideration. In particular, we hold that the trial court erred in concluding that: (1) granting the State's motion for reconsideration would violate the constitutional protection against double jeopardy and HRS § 701-110(1); and (2) it lacked jurisdiction to reconsider its dismissal with prejudice. Accordingly, we vacate the Amended Judgments dismissing the charges, and we remand the case for further proceedings.

BACKGROUND

Honolulu Police Department (HPD) Officer Jeffrey T. Tallion (Officer Tallion) stopped a vehicle driven by Clemente for speeding and unsafe lane change. After a field sobriety test, Officer Tallion arrested Clemente for OVUII.

On November 8, 2010, a bench trial commenced on charges of OVUII and speeding against Clemente in the District Court of the First Circuit (District Court).[1] Officer Tallion was called as a witness and began, but did not complete, his testimony. The District Court recessed the proceedings and ordered Officer Tallion to return on November 17, 2010, at 10:00 a.m. for further trial.

On November 17, 2010, at about 8:15 a.m., the bailiff covering Courtrooms 10C and 10D received word from the HPD Court Sergeant that HPD Officer Justin Sayre had called in sick. The

---

[1] The Honorable William A. Cardwell presided. The State dismissed the citation for unsafe lane change before trial.

2

bailiff, however, mistakenly wrote "sick" by Officer Tallion's name on a list of witnesses. The bailiff then erroneously informed a deputy prosecuting attorney (DPA) handling matters in Courtroom 10D (10D DPA), who was not Clemente's trial DPA, that Officer Tallion would not be appearing for the 10:00 a.m. further trial. At about 8:25 a.m., when Clemente's attorney, R. Patrick McPherson (McPherson), checked in at court, the 10D DPA informed McPherson that Officer Tallion had called in sick and would not be appearing for the 10:00 a.m. trial. The 10D DPA also provided this same information to the DPA handling Clemente's trial, DPA Phillip Clark (DPA Clark).

At about 9:15 a.m., DPA Clark informed the District Court that Officer Tallion had called in sick. In response, the District Court had Clemente's case called at about 9:16 a.m., before its scheduled 10:00 a.m. start time. DPA Clark placed on the record the information he had received that Officer Tallion had called in sick. DPA Clark orally moved for a continuance, arguing that Officer Tallion was a reliable witness who rarely called in sick. Clemente opposed the State's motion for a continuance. The District Court denied the motion for a continuance. It then *sua sponte* dismissed the case with prejudice at about 9:22 a.m.

The transcript of the proceeding reflects that the District Court dismissed the case with prejudice as a sanction against the State for Officer Tallion's failure to appear. The District Court stated:

> I'm going to deny the State's request for a continuance. Frankly, it is unacceptable to this court that without any notice an officer that is ordered back to return to the court simply calls in sick.
>
> And it is true that Officer Tallion is here a lot. It is true that it is unusual for him not to appear although it happens periodically. And frankly it typically happens because he works at night and just gets too tired, he calls in sick. And that's simply unacceptable when he's ordered back.
>
> Now, what I'm going to do is I'm going to grant the defense motion and I'm going to dismiss this case. I'm going to dismiss it with prejudice . . . .

. . . .

> . . . . [T]he general problem has become epidemic.
> And when it's a further trial and the officer is ordered by
> the court to return, it's simply unacceptable.[2/]

The District Court stated that it would give the State ten days to file a motion to reconsider the dismissal if the State could provide proof that Officer Tallion was seriously ill and physically unable to come to court.

At about 9:30 a.m., DPA Clark learned from the HPD Court Sergeant that Officer Tallion had not called in sick and was in fact on his way to court. DPA Clark informed McPherson of this information. DPA Clark and the HPD Court Sergeant spoke with the courtroom bailiff and learned that the source of the mistake concerning Officer Tallion was the bailiff's writing "sick" next to the wrong name. At about 9:50 a.m. Officer Tallion arrived at court. At that time, DPA Clark notified the District Court and McPherson about the bailiff's error and Officer Tallion's arrival. The bailiff also explained her error to the District Court.

At about 10:03 a.m., the District Court recalled Clemente's case. DPA Clark orally moved that the District Court reconsider its earlier dismissal of the case. Clemente opposed the motion. After hearing argument from the parties, the District Court denied the State's oral motion for reconsideration. That same day, November 17, 2010, the District Court filed Amended Judgments dismissing the charges with prejudice and denying the State's motion for reconsideration.

On November 26, 2010, the State submitted a written motion for reconsideration of the District Court's dismissal of the charges with prejudice, which was filed on November 30, 2010. Clemente filed a memorandum in opposition. On December 15, 2010, the State's motion was heard and denied. On January 6, 2011, the

---

2/ In dismissing the case with prejudice, the District Court stated that it was granting "the defense motion[.]" However, although Clemente opposed the State's motion for continuance, he did not move for dismissal of the case.

District Court filed findings of fact, conclusions of law, and its order denying the State's written motion for reconsideration. The District Court concluded that it lacked the power to overturn its dismissal of the charges because: (1) granting the State's motion for reconsideration would violate the double jeopardy clauses of the United States and Hawai'i Constitutions;[3] (2) the statutory codification of the double jeopardy protection set forth in HRS § 701-110(1)[4] also barred the District Court from granting the motion for reconsideration; and (3) the District Court lacked jurisdiction to reconsider its dismissal with prejudice.

## DISCUSSION

There is no dispute that the District Court erred in dismissing the charges in the first instance. The District Court's dismissal was based on its mistaken belief that Officer Tallion had called in sick and would not be appearing as ordered at 10:00 a.m. for further trial. In fact, Officer Tallion had not called in sick and appeared on time for trial. The question presented by this appeal is whether despite its clear mistake in dismissing the charges, the District Court lacked the authority to remedy its mistake by granting the State's motion for reconsideration.

---

[3] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides in relevant part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Article I, section 10 of the Hawai'i Constitution provides, "nor shall any person be subject for the same offense to be twice put in jeopardy."

[4] HRS § 701-110(1) provides in relevant part:

When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

(1)     The former prosecution resulted in an acquittal which has not subsequently been set aside. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination by the court that there was insufficient evidence to warrant a conviction. . . . .

On appeal, the State argues that the District Court erred in concluding that it lacked the power to reconsider its dismissal of the charges with prejudice. In particular, the State argues that the District Court erred in concluding that: (1) the granting of the State's motion for reconsideration would violate the protection against double jeopardy; (2) HRS § 701-110(1) barred the District Court from granting the motion for reconsideration; and (3) the District Court lacked jurisdiction to reconsidering its dismissal with prejudice. As explained below, we conclude that the District Court erred in concluding that it lacked the power to reconsider its prior dismissal of the charges and in denying the State's motion for reconsideration.

I.

"The constitutional guarantee against double jeopardy 'protects against a second prosecution for the same offense after acquittal.'" State v. Dow, 72 Haw. 56, 58, 806 P.2d 402, 404 (1991) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).[5] In applying this protection, a critical question becomes what constitutes an "acquittal." The Hawai'i Supreme Court has adopted the following test for what constitutes an acquittal: "[A] defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." State v. Poohina 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (internal quotation marks and citation omitted). In other words, for a judge's decision to constitute an acquittal, it must be based on findings related to the factual guilt of the defendant. See State v. Markowski, 88 Hawai'i 477, 484, 967 P.2d 674, 681 (App. 1998).

---

[5] The Double Jeopardy Clauses of the United States and Hawai'i Constitutions protect "individuals against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." State v. Ake, 88 Hawai'i 389, 392, 967 P.2d 221, 224 (1998) (internal quotation marks and citation omitted). Because only the first type of double jeopardy protection is at issue in this case, we limit our discussion to that double jeopardy protection.

"[W]hat constitutes an acquittal is more dependent upon the intent of the ruling rather than the label." Poohina, 97 Hawaiʻi at 509, 40 P.3d at 911.

In Poohina, the supreme court considered whether the trial court's *sua sponte* dismissal of the case at the end of a bench trial constituted an acquittal for purpose of applying the protection against double jeopardy. Poohina was charged with criminal contempt for violating an injunction against harassment. Id. at 506-07, 40 P.3d at 908-09. After the evidence had been presented, the trial court *sua sponte* dismissed the charge on the theory that the alleged victim had become an adult and was not protected by the injunction at the time the charged criminal conduct occurred. Id. at 507-08, 40 P.3d at 909-10.

The State appealed from the trial court's dismissal order. On appeal, the supreme court considered whether the dismissal order constituted a judgment of acquittal as to which the principles of double jeopardy would apply to bar reprosecution and the State's ability to appeal. Id. at 509, 40 P.3d at 911. The supreme court held that the trial court's *sua sponte* dismissal order was not an acquittal because the trial court "did not rule on the merits of the case" and "did not enter any decisions as to the guilt of Poohina." Id. at 510, 40 P.3d at 912. Accordingly, the protection against double jeopardy did not apply to the dismissal order. Id. at 509-10, 40 P.3d at 911-12.

Consistent with Poohina, we conclude that the District Court's dismissal of the charges in Clemente's case was not an acquittal, and, accordingly, the protection against double jeopardy does not apply. The District Court's dismissal of the charges did not satisfy the Poohina test for an acquittal. It was not based on a resolution in Clemente's favor of some or all of the factual elements of the offense charged. As in Poohina, the District Court's *sua sponte* dismissal of the charges was not based on a decision on the merits of the case or a decision as to

7

the guilt of Clemente.[6] Instead, the District Court dismissed the charges as a sanction against the State because the District Court mistakenly believed that the State's witness, Officer Tallion, would not be appearing as ordered. Because the District Court's dismissal of the charges did not constitute an acquittal, the District Court had the authority to reconsider and overturn its dismissal ruling without violating the protection against double jeopardy. See Poohina, 97 Hawaiʻi at 509-10, 40 P.3d at 911-12; Commonwealth v. Adams, 502 A.2d 1345, 1347-52 (Pa. Super. Ct. 1986) (holding that the trial court's dismissal of the charges after jeopardy had attached based on the prosecution witnesses' failure to appear was not an acquittal and therefore double jeopardy did not prevent the court from reconsidering its decision and reinstating the charges); State v. Calhoun, 481 N.E.2d 624, 626-28 (Ohio 1985) (holding that a sua sponte dismissal of the charges during trial was not an acquittal that barred retrial based on double jeopardy); People v. Zagarino, 427 N.Y.S.2d 40, 42-44 (N.Y. App. Div. 1980) (same).

II.

Based on the same reasoning, we conclude that HRS § 701-110(1) did not bar the District Court from granting the State's motion for reconsideration. HRS § 701-110(1) codifies the constitutional protection against double jeopardy by precluding reprosecution on charges for which there has been an acquittal. It adopts a test for an acquittal that mimics the one set forth in Poohina for double jeopardy protection. Under HRS § 701-110(1), "[t]here is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination by the court that there was insufficient evidence to warrant a conviction." Because the District Court's dismissal of the charges did not constitute an acquittal under HRS § 701-

_____

[6] Although Clemente did not explicitly move to dismiss the charges, he opposed the State's motion for a continuance and did not seek to have the charges tried to verdict.

110(1), there was no statutory bar to the District Court granting the State's motion for reconsideration.

III.

The State argues that the District Court had jurisdiction to reconsider its dismissal of the charges with prejudice. We agree.

HRS § 604-7(a)(3)(1993) grants district courts the power to "[e]nter final judgments; and alter or set aside any judgment within ten days following the date of its rendition or as provided by the rules of court[.]" The legislative history of HRS § 604-7(a)(3) establishes that the purpose of providing the statutory ten-day period for district courts to "alter or set aside any judgment" was to enable the court to correct errors and mistakes made in the entry of judgments. See Shilhan v. Ho, 40 Haw. 302 (Haw. Terr. 1953) (discussing the legislative history of the enactment of the ten-day period in predecessor to HRS § 604-7).[7/]

---

[7/] In Shilhan v. Ho, 40 Haw. 302 (Haw. Terr. 1953), the court explained the legislative history of the ten-day provision as follows:

In 1937 the legislature enacted a further amendment:

"The statute which this bill proposes to amend provides that district magistrates may alter any judgment on the day of its rendition. Under this bill, the time in which a judgment may be altered is extended to ten days, corresponding to the time within which an appeal may be taken from such judgment.

"This extension of time appears to be reasonable as ample time should be allowed litigants to make a showing that a judgment should be modified to correct any errors or to prevent injustice and thereby save the expense of having to take an appeal." (Sen. J., 19th Legis., Terr. of Haw. 218, 219 [[[1937].)

"The legislature at the 1935 session for the first time provided (by Act 110 of the Session Laws of 1935) that a District Magistrate may not change any judgment rendered by him after the day of its rendition. This has proved a mistake as it frequently happens that judgment is entered rather late in the day and within a day or two facts may come to the attention of the Magistrate which would have required him to rule differently and because of which he has every desire to vacate the judgment he has rendered and decide the matter differently. . . . At present there is no remedy for this situation. If this Bill passes the Magistrate, for good cause, and only upon notice to the other side can alter

(continued...)

Here, the State orally moved the District Court to reconsider its decision to dismiss the charges on the same day and within one hour of the District Court's dismissal of the charges.[8] As we have already concluded, the protection against double jeopardy did not apply because the District Court's dismissal of the charges did not constitute an acquittal. Under these circumstances, based on the plain language of HRS § 604-7(a)(3), the District Court had the power to grant the State's oral motion to reconsider the District Court's dismissal of the charges with prejudice.[9]

## CONCLUSION

The District Court dismissed the charges based on its mistaken belief that Officer Tallion had called in sick and would not be appearing for trial. When this mistake was brought to the attention of the District Court and the parties, the District Court declined to correct the mistake because it felt it lacked the power to do so. As explained in this Opinion, the District Court was wrong, as a matter of law, in concluding that it lacked the power to correct its mistaken dismissal of the charges. We conclude that the District Court abused its discretion in denying the State's oral motion for reconsideration.

---

[7] (...continued)
any judgment within ten days after its rendition." (House J., 19th Legis., Terr. of Haw. 1247 [1937].)

Shilhan, 40 Haw. at 306 (brackets and ellipsis points in original). The statute, as amended in 1937, provided: "The district magistrates shall have the power . . . to alter any judgment within ten days following the date of its rendition for good cause shown by any party and after notice given to the opposing party . . ." Id. at 304 (ellipsis points in original) (quoting Revised Laws of Hawai'i § 9675 (1945).

[8] The District Court entered Judgments dismissing the charges and Amended Judgments dismissing the charges and denying the State's oral motion to dismiss on November 17, 2010, the same day the District Court orally announced its rulings.

[9] We do not reach the question of whether the District Court had the power to reconsider its decision to dismiss the charges beyond the ten-day period set forth in HRS § 604-7(a)(3).

10

We vacate the District Court's November 17, 2010, Amended Judgments dismissing the charges with prejudice and denying the State's motion for reconsideration, and we remand the case for further proceedings consistent with this Opinion.

On the briefs:

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

R. Patrick McPherson
Earle A. Partington
for Defendant-Appellee

11