**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000495
05-NOV-2025
08:11 AM
Dkt. 47 SO**

NO. CAAP-23-0000495

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
ROGER R. CABUDOL, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-22-00870)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the June 23, 2023 Order and Notice of Entry of Order (**Order of Acquittal**) entered in the District Court of the Second Circuit (**District Court**).[1]

On November 28, 2022, the State filed a complaint against Defendant-Appellee Roger Cabudol (**Cabudol**) for two counts: Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020) and/or HRS § 291E-61(a)(3) (2020) and Inattention to Driving in violation of HRS § 291-12 (2020). At trial on June 23, 2023, the State informed the District Court that it was

---

[1] The Honorable Lance D. Collins presided.

not prepared to proceed because its primary witness was unavailable.  For the reasons stated on the record, the District Court denied the State's oral motion for a continuance.  Although the State repeatedly asserted that it was not ready to proceed with trial, the District Court ordered trial to begin.  The State did not present evidence, did not call witnesses, and refused to make an opening statement when directed to do so.

The State then moved to dismiss without prejudice based on the factors in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).  Cabudol asserted that trial commenced, and under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48(a),[2] he did not consent to a motion to dismiss; Cabudol moved for judgment of acquittal under HRPP Rule 29 on the basis that the State "closed its case" when it chose not to present evidence.[3]  The District Court granted Cabudol's motion for judgment of acquittal and denied the State's motion to dismiss, noting that "whether or not this case

---

[2]     HRPP Rule 48(a) provides:

**Rule 48.    DISMISSAL.**

**(a)  By prosecutor.**  The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

[3]     HRPP Rule 29 provides, in relevant part:

**Rule 29.    MOTION FOR JUDGMENT OF ACQUITTAL.**

**(a) Motion before submission to jury.**  Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place.  The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. . . .

can be re-prosecuted . . . is something that can be addressed at a later point if it's re-prosecuted."

The State raises a single point of error on appeal, contending that the District Court erred by granting Cabudol's motion for judgment of acquittal.[4]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

As a preliminary matter, Cabudol contends that this court lacks appellate jurisdiction because HRS § 641-13 (2016) does not permit appeals from judgments of acquittal.  In response, the State argues that Cabudol's motion for judgment of acquittal was substantively a motion to dismiss, and the court has jurisdiction over orders on motions to dismiss under HRS § 641-13(1) (2016). "[W]hat constitutes an acquittal is more dependent on the intent of the ruling rather than the label." State v. Clemente, 128 Hawaiʻi 449, 453, 290 P.3d 519, 523 (2012); State v. Poohina, 97 Hawaiʻi 505, 509, 40 P.3d 907, 911 (2002).  Here, the District Court did not make findings as to Cabudol's "factual guilt" and the resolution was not in Cabudol's favor "of some or all of factual elements of the offense

---

[4]     The Order of Acquittal contains several rulings:  the denial of the State's motion to continue, the denial of the State's motion to dismiss without prejudice, the granting of Cabudol's oral motion for judgment of acquittal, and the discharge of the bail bond.  The State only challenges the District Court acquittal ruling.  Therefore, the District Court's other rulings are not before the court on this appeal.

charged." See Clemente, 128 Hawaiʻi at 453, 290 P.3d at 523 (2012); Poohina, 97 Hawaiʻi at 509, 40 P.3d at 911. Thus, we conclude that this court has jurisdiction to consider the appeal.

(2) The State argues that the acquittal is invalid and should be vacated because no evidence was presented, the District Court declined to enter findings of fact and/or conclusions of law, and there was no meaningful commencement of trial.

Cabudol argues that the appeal violates the prohibition against double jeopardy because the District Court ordered trial to commence, he was "put to trial" so the State "should not be able to overrule the trial court's commencement of trial [by] refusing to present any evidence," and that judgment of acquittal "represented a resolution in Carbudol's favor of all of the factual elements of the offenses charge[d]." Cabudol further asserts that the court "should hold that under Hawaiʻi's double jeopardy clause, . . . jeopardy attaches in a bench trial when a judge begins to hear evidence by ordering trial to commence."

HRPP Rule 29(a) states in relevant part that a court, upon a motion by the defendant or on its own motion, "shall order the entry of judgment of acquittal . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." However, "a defendant is acquitted only when the ruling of the judge . . . actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. . . . [The acquittal] must be based on findings related to the

4

factual guilt of the defendant." Clemente, 128 Hawaiʻi at 553, 290 P.3d at 523 (citations omitted).

Here, evidence did not "close" because no evidence was presented by either side. The District Court did not make factual findings as to Cabudol's guilt — the District Court declined to enter any findings of fact altogether. Thus, the District Court erred in entering of judgment of acquittal.

Further, jeopardy did not attach because the District Court did not hear evidence and there was no "risk of determination of guilt." State v. Rodrigues, 67 Haw. 70, 79, 679 P.2d 615, 622 (1984); Poohina, 97 Hawaiʻi at 510, 40 P.3d at 912. This court has held that when a trial court did not hear evidence "in a trial on the merits," jeopardy did not attach. State v. Zhang, No. CAAP-19-0000338, 2020 WL 733971, at *4 (Haw. App. Feb. 13, 2020) (SDO). Moreover, a trial court cannot declare that a proceeding is a "trial" when it is not. Id. at *5 (holding that "[i]t cannot be that a trial court can simply declare a pretrial hearing to be a 'trial,' and then based on whatever evidence that is (or is not) adduced at the hearing, to proclaim a defendant 'not guilty,' and to have that 'finding' constitute an 'acquittal.'").

This case is analogous to Com. v. Gonzalez, 437 Mass. 276 (2002). There, the prosecutor informed the trial judge that they were not ready to proceed with trial in light of the court's granting of the defendant's motion in limine to exclude certain evidence. Id. at 278. The judge ordered trial to proceed and

asked the prosecutor to call her first witness and the prosecutor stated that they could not move forward, so the defendant moved "for a required finding of not guilty." Id. at 279. The defendant called a witness who was sworn in, stated her name and identified the defendant, and the defendant again moved for a "required finding of not guilty." Id.

The Supreme Judicial Court of Massachusetts concluded that the defendant was "not placed in jeopardy at the proceeding" because the court was "obligated to look beyond the judge's characterization of his action to determine the legal substance of the proceeding." Id. at 281-82. The court noted that the trial judge had "announced that the proceeding constituted a trial 'because I'm saying it is'" and concluded that "the judge's actions effectively ensured that there was no 'trial' on the 'facts and merits.'" Id. at 282. Because the witness testimony "had no bearing on the defendant's guilt or innocence" and the defendant "was never in danger of conviction," jeopardy did not attach. Id. at 282.

Here, similarly, simply because the District Court stated that trial started does not mean it actually commenced. Cabudol was never in danger of conviction because, as discussed above, no evidence was presented by either side as to Cabudol's guilt or innocence and there were no factual rulings on Cabudol's guilt. Thus, there was no "acquittal" for double jeopardy purposes.

For these reasons, the District Court's June 23, 2023 Acquittal Order is vacated in part, with respect to the granting of Cabudol's motion for judgment of acquittal.  This case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, November 5, 2025.

On the briefs:

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Hayden Aluli,
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

7